PETER AKER *vs.* ALBERT PEARSON.

Worcester.    March 16, 1979. — May 11, 1979.

Present: ARMSTRONG, PERRETTA, & KASS, JJ.

*Medical Malpractice*, Tribunal, Bond.

Where a medical malpractice complaint was filed prior to the effective date of G. L. c. 231, § 60B, but by an amendment filed after the effective date two additional doctors were added as defendants, the additional doctors were entitled to have the complaint heard by a tribunal convened under § 60B. [554-555]

A judge did not abuse his discretion in refusing to reduce a $2,000 bond required of a plaintiff under G. L. c. 231, § 60B, where the plaintiff's affidavit recited only his monthly income and omitted any reference to assets he might own. [555-556]

CIVIL ACTION commenced in the Superior Court on December 22, 1975.

A motion to dismiss was heard by *Meagher, J.*

*Enid M. Starr* for the plaintiff.

*Stephen A. Moore* (*Pamela A. Duckworth* with him) for the defendant.

KASS, J. In *Austin* v. *Boston Univ. Hosp.*, 372 Mass. 654, 658 (1977), it was established that every medical malpractice action filed on and after January 1, 1976, is subject to a preliminary hearing by a medical malpractice tribunal conformably with G. L. c. 231, § 60B, inserted by St. 1975, c. 362, § 5. The plaintiff filed his complaint in the instant case on December 22, 1975, and, as to the defendants named in that complaint, no tribunal hearing was required. By an amendment to his complaint filed January 27, 1977, the plaintiff joined two additional physicians as defendants. One of these doctors moved that the complaint against him be heard by a § 60B tribunal, taking the position that since the complaint against him was first filed after January 1, 1976, preliminary review by a medical malpractice tribunal was required. For his part, the plaintiff urged that the complaints against the two doctors which were made in January, 1977, should relate back to the filing of the underlying complaint and that he was, therefore, under no legal obligation to appear before the medical malpractice tribunal.

A § 60B tribunal was convened[1] and, at the hearing before it, plaintiff's counsel continued to take the position that, on the chronological facts of this case, the tribunal was not properly convened. Having made this jurisdictional stand, the plaintiff offered the tribunal no proof of medical malpractice. The tribunal found for the defendants, and, in accordance with the scheme of § 60B, the trial court ordered the plaintiff to post bond in the sum of $2,000 within thirty days, failing which his action would be dismissed. At the expiration of the thirty-day period, the plaintiff had not posted the bond and, after appropriate motions by Dr. Pearson, a judgment of dismissal of the action against Dr. Pearson was entered.

---

[1] Although only one doctor moved for a hearing before the § 60B tribunal, the court, no doubt in the interest of judicial economy, ordered that the tribunal hear the complaints against both of the physicians whom the plaintiff had added to the action.

Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974). From this judgment the plaintiff appeals. We hold that the medical malpractice tribunal was properly convened and that the judgment was correct.

There is a surface appeal to the plaintiff's argument that his motion adding the two additional defendants should relate back to the date of filing of the original complaint, just as it did for purposes of circumventing the bar of the statute of limitations.[2] Mass.R.Civ.P. 15(c), 365 Mass. 762 (1974). *Wadsworth* v. *Boston Gas Co.*, 352 Mass. 86, 89 (1967). In that case and in *Johnson* v. *Carroll*, 272 Mass. 134 (1930), amendments which brought a new defendant into court made the substituted defendant a party from the date that the action was begun. Mass.R. Civ.P. 15(c) codified the case law. The liberal approach to the amendment of pleadings, and their retrospective effect, has its theoretical roots in the idea that if an action was timely brought at the outset, every consideration ought to be given an amendment which would prevent the plaintiff's claim from being lost if an amendment were not allowed. *McLaughlin* v. *West End St. Ry.*, 186 Mass. 150 (1904).

Requiring the plaintiff to present his case for screening to the malpractice tribunal does not, however, cause him to lose the opportunity to sustain his claim, and therefore the theoretical underpinning of the relation back doctrine is missing from this case. Thus, where parties have attempted to invoke the doctrine of relation back for reasons other than lifting the bar of the statute of limitations, courts have been less willing to apply it, particularly if to do so deprives the party against whom the amendment is made of a substantial right. *doCanto* v. *Ametek, Inc.*, 367 Mass. 776, 787 n.11 (which, however, involved

---

[2] The medical procedures of which plaintiff complains took place during the month of May, 1973. The statute of limitations for medical malpractice claims is three years. G. L. c. 260, § 4, as amended through St. 1973, c. 777, § 3. See also the special provision as to minors in G. L. c. 231, § 60D, inserted by St. 1975, c. 362, § 5.

following an express policy, articulated in *Diaz* v. *Eli Lilly & Co.*, 364 Mass. 153 [1973], against retrospective application of a right by a wife to bring an action for loss of consortium). *United States* v. *Stromberg*, 227 F.2d 903, 906 (5th Cir. 1955).

Our reluctance to consider the claims against the two additional defendants as dating back to the entry of the original action, for purposes of deciding whether those claims must be screened by the tribunal, is greater still when we consider the legislative purpose behind establishment of the medical malpractice tribunal procedure. This was, as stated in the preamble to St. 1975, c. 362, "to guarantee the continued availability of malpractice insurance." It was also the Legislature's purpose to make malpractice insurance available to physicians at more reasonable premiums since escalating premiums would inevitably have an impact on the cost of medical services to consumers. *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 647-648, 655 (1977). We ought, therefore, to avoid a resolution of the question before us which would tend to increase the number of claims made and, as a consequence, cause an increase in the cost of malpractice insurance. All decisions which have considered the reach of the § 60B procedure have given it broad scope to the end of effecting the legislative purpose. *Austin* v. *Boston Univ. Hosp.*, 372 Mass. 654 (1977). *Paro* v. *Longwood Hosp.*, *supra. Little* v. *Rosenthal*, 376 Mass. 573 (1978). *Salem Orthopedic Surgeons, Inc.* v. *Quinn*, 377 Mass. 514 (1979).

The plaintiff also urges that the court below erred in denying the plaintiff's motion to reduce the $2,000 bond required if the plaintiff wished to pursue his claim following the adverse determination of the malpractice tribunal. Section 60B provides that the court may, upon motion filed by the plaintiff, determine "that the plaintiff is indigent" and may, thereupon, reduce the amount of the bond but not eliminate the requirement of the bond. The motion judge had before him an affidavit which recited the plaintiff's monthly income but told nothing of the

assets which he might own. The motion judge determined that the affidavit was inadequate and denied the motion to reduce the amount of the bond. We cannot say that the motion judge abused his discretion. *Paro* v. *Longwood Hosp., supra* at 652-654. Cf. *Damaskos* v. *Board of Appeal of Boston,* 359 Mass. 55, 63-64 (1971).

*Judgment affirmed.*