ADAN GARCIA RAMIREZ *vs.* STEVEN L. GRAHAM.[1]

No. 04-P-410.

Hampden. February 17, 2005. - September 20, 2005.

Present: CYPHER, KANTROWITZ, & COWIN, JJ.

*Workers' Compensation Act,* Action. *Practice, Civil,* Amendment, Motion to dismiss. *Res Judicata.*

The judge in a civil action in the District Court should not have permitted the plaintiff to amend his complaint to add the defendant (an officer of a corporation) as a party more than six years after the plaintiff's filing of a complaint in the Superior Court against the corporation itself, which complaint had been dismissed with prejudice, where the District Court action was ripe for dismissal under principles of res judicata. [577-581]

CIVIL ACTION commenced in the Springfield Division of the District Court Department on January 28, 1994.

After removal to the Superior Court Department, the case was tried before *Thomas J. Curley, Jr.,* J., and motions to amend the judgment and for judgment notwithstanding the verdict were heard by him.

*Bart W. Heemskerk* for the defendant.

*James F. Martin* for the plaintiff.

COWIN, J. The plaintiff, Adan Garcia Ramirez, obtained a jury verdict in the Superior Court in the amount of $5,000 for the failure of the defendant, Steven L. Graham, the president of the plaintiff's former employer, JSE Corporation, to have in effect workers' compensation coverage at the time the plaintiff incurred a job-related injury.[2] The defendant's motions for judgment notwithstanding the verdict and for amendment of the judgment were denied. The defendant appealed, asserting that

---

[1]Also known as Steven L. Grubman.

[2]On a separate claim for negligent maintenance of the real estate at which the plaintiff was injured, the jury returned a verdict for the defendant.

(1) it was error to permit an amendment to the complaint that added him as a party more than six years after the filing by the plaintiff of a complaint against JSE Corporation and almost six years after that complaint had been dismissed with prejudice; (2) the plaintiff incurred no damages as a result of the absence of workers' compensation coverage because he received all of the workers' compensation benefits to which he was otherwise entitled from the Workers' Compensation Trust Fund (trust fund); and (3) in any event, the amount the plaintiff received from the trust fund should be treated as an offset against the amount of the verdict (which would reduce the plaintiff's recovery to zero). We agree that, in the circumstances of this case, leave to amend should not have been granted, and we accordingly reverse, and order that the second amended complaint be dismissed. Because the defendant prevails on the first ground of his appeal, we do not consider the remaining assertions of error.

1. *Background.* The facts and history of the proceeding are not disputed. The plaintiff alleged that, on January 28, 1991, while in the course of his employment with JSE Corporation, he slipped and fell on an unnatural accumulation of snow and ice at premises controlled by his employer and was injured. The employer had permitted its workers' compensation coverage to lapse, and in fact ceased doing business shortly thereafter. On June 26, 1991, the plaintiff commenced an action in the Superior Court against JSE Corporation, alleging negligence generally (including the fact that the company had no workers' compensation coverage in place). On November 18, 1991, the complaint was dismissed pursuant to Mass.R.Civ.P. 33(a), 368 Mass. 905 (1976), for failure of the plaintiff to answer interrogatories.

The plaintiff's apparent lack of interest in the proceeding may have been attributable to the fact that he had filed a successful claim with the trust fund,[3] and was receiving workers' compensation benefits from that source. He received benefits

---

[3]The trust fund, among other things, makes "payment of benefits resulting from approved claims against employers subject to the personal jurisdiction of the commonwealth who are uninsured in violation of [G. L. c. 152]." G. L. c. 152, § 65(2)(*e*), as appearing in St. 1991, c. 398, § 85.

for temporary total incapacity (see G. L. c. 152, § 34) from April 11, 1991, to June 10, 1991, and for partial incapacity (see G. L. c. 152, § 35) from June 11, 1991, through November 22, 1991. On July 24, 1992, an administrative law judge of the Department of Industrial Accidents approved a lump sum settlement that redeemed the plaintiff's claims for future compensation. Total benefits paid to the plaintiff by the trust fund amounted to $16,566.74.

On January 28, 1994, the final day before expiration of the applicable statute of limitations, see G. L. c. 260, § 2A,[4] the plaintiff filed in the District Court a virtually identical version of the complaint against JSE Corporation that had been dismissed in the Superior Court on November 18, 1991.[5] This complaint also suffered dismissal three years later (on January 3, 1997) when the plaintiff failed to file a timely request for trial, see District Court Standing Order 1-88, § IV(C)(3), but the plaintiff's motion for relief from that judgment was allowed on August 25, 1997. JSE Corporation filed no answer and was defaulted.[6]

On October 15, 1997, a District Court judge allowed the filing by the plaintiff of an amended complaint.[7] An ex parte motion for real estate attachments was also allowed. By means of the amendment, the plaintiff added as parties-defendant JSE Realty Corporation and 230 Fort Pleasant Realty Trust, each of which was alleged to be responsible for the maintenance and upkeep of the property at which the plaintiff claimed to have been injured. Also added was Steven L. Graham, also known as Steven L. Grubman, the present appellant, who, it was alleged, was the president and treasurer of JSE Corporation (the

[4]The plaintiff's cause of action accrued prior to the effective date of the amendment to G. L. c. 152, § 66 (see St. 1991, c. 398, § 93), extending the limitations period applicable to commencement of actions for failure to provide workers' compensation coverage to twenty years. That amendment, effective December 23, 1991, is prospective in its application. See G. L. c. 152, § 2A; *Mills* v. *Continental Transp. Network, Inc.*, 44 Mass. App. Ct. 916, 916 (1998).

[5]There was evidence that JSE Corporation went out of business in 1991. Assuming that the corporation was dissolved in that year, it remained amenable to this action under the provisions of G. L. c. 156B, § 102.

[6]The docket indicates that the plaintiff sought a hearing for a default judgment, but no action thereon appears to have been taken.

[7]The docket does not reflect that the plaintiff filed a motion of any kind.

plaintiff's former employer), and who, it was further alleged, negligently failed to maintain workers' compensation coverage for that company.

The defendants filed a motion to dismiss the amended complaint, asserting that it failed to state a cause of action, see Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), and that there had been a prior action pending in a court of the Commonwealth, see Mass.R.Civ.P. 12(b)(9), 365 Mass. 754 (1974). It appears from an accompanying memorandum that the defendants' case for dismissal was not so much under rule 12(b)(9) (given that the prior proceeding was no longer pending) as it was under principles of res judicata (given that the prior proceeding had gone to judgment). The defendants also requested that the court reconsider the allowance of the amendment adding them as defendants and dissolve the ex parte attachments.[8]

A different District Court judge allowed the defendants' motion to dismiss the amended complaint as to JSE Corporation; denied the motion to dismiss as to all other defendants; denied reconsideration of the allowance of the amendment; and dissolved the ex parte attachment against the property of JSE Corporation, but denied the request to dissolve as against the other defendants. This action left the case in a posture in which the original defendant was eliminated from exposure altogether, while the case continued against three new defendants (including the present appellant) added for the first time more than six and one-half years after the alleged injury that gave rise to the proceeding in the first place.

The remaining defendants then removed the case, and the controversy thereby reentered the Superior Court. The defendants again moved to dismiss the amended complaint. A judge treated the motion as one seeking reconsideration of the allowance of leave to amend the complaint; and denied it. A second judge denied the defendants' motion for summary judgment, and permitted the amended complaint to be amended again to assert a claim of premises liability against the defendant Graham, as well as the existing claim of negligent failure to

---

[8]At the same time, the defendants requested that the default previously entered against JSE Corporation be removed.

obtain workers' compensation coverage. JSE Realty Corporation and 230 Fort Pleasant Realty Trust were dismissed as defendants by agreement, and in May, 2001, the case proceeded to trial against Graham as the sole defendant before a third Superior Court judge and a jury. Following the jury's verdict for the plaintiff in the amount of $5,000 for the defendant's negligent failure to provide workers' compensation insurance, the judge denied the defendant's motion for judgment notwithstanding the verdict, as well as his motion to amend the judgment. In a memorandum accompanying his order, the trial judge labeled the circumstances in which the defendant was added to the complaint "troubling," but declined (understandably, in our view) to revisit the orders that had been entered by other judges.

2. *Discussion.* The action that was ultimately tried was commenced on January 28, 1994, within the applicable limitations period (albeit by only a few hours). An order allowing amendment of the complaint to add Graham as a defendant was entered on October 15, 1997. It is expected ordinarily that the amendment would "relate back" to the original pleading. See G. L. c. 231, § 51, as revised by St. 1988, c. 141, § 1 (providing in relevant part that "[i]n all civil proceedings, the court may at any time, allow amendments adding a party, . . . which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought . . . . Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading"). See also Mass.R.Civ.P. 15(c), 365 Mass. 761 (1974); *Wood* v. *Jaeger-Sykes, Inc.*, 27 Mass. App. Ct. 199, 200-201 (1989). This applies notwithstanding the fact that a new complaint against the proposed additional defendant would be time-barred. See *Srebnick* v. *Lo-Law Transit Mgmt., Inc.*, 29 Mass. App. Ct. 45, 50 (1990) (expiration of statute of limitations often a reason for allowing, rather than denying, amendment to add or substitute defendant). "Massachusetts practice is more liberal than other jurisdictions in allowing amendments adding or substituting defendants after expiration of a period of limitations." *National Lumber Co.* v. *LeFrancois Constr. Corp.*, 430 Mass. 663, 671 (2000).

While acknowledging these practices and the policies that underlie them, we conclude that they are inapplicable in the present case. The complaint filed by the plaintiff against JSE Corporation on January 28, 1994, in the District Court was a virtual duplicate of a complaint filed in the Superior Court on June 26, 1991, that was dismissed in November, 1991. That dismissal was with prejudice. See Mass.R.Civ.P. 33(a) ("the clerk shall enter an appropriate judgment, subject to the provisions of Rules 54[b], 54[c], 55[b][1], 55[b][2] [final sentence], 55[b][4] and 55[c]").[9] Indeed, the rule would make no sense otherwise; a judgment without prejudice would permit a plaintiff simply to commence the action again. Contrast Mass.R.Civ.P. 41(a)(1) and 41(b)(1), 365 Mass. 803 (1974) (providing expressly that dismissals under those sections shall be without prejudice).

Following dismissal of his first Superior Court complaint, the plaintiff made no effort to set aside that judgment but instead, after more than two years, refiled the complaint in the District Court. The defendant, JSE Corporation, which had long since gone out of business and had little or no incentive to defend, filed no answer and was defaulted. The plaintiff took no further action for nearly three more years (and had to obtain reinstatement of the second complaint after it was dismissed in January, 1997, for the plaintiff's failure to comply with time standards requirements), then filed his amended complaint adding the new defendants. There was, of course, no opposition filed to the amended complaint, the original defendant having defaulted, while the proposed new defendants were at that point not entitled to notice.[10] In the circumstances, it is likely that the

---

[9]Rule 33(a) was amended in 2002, 436 Mass. 1401 (2002), to add numbers and titles to the paragraphs. See Reporters' Notes to Mass.R.Civ.P. 33, Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 591-592 (LexisNexis 2004). Also added to rule 33(a)(6) (as it became known) were references to paragraph numbers in rule 55 that had been reordered since rule 33(a) was last amended. See *ibid.*

[10]We observe that "[t]he preferable practice would be for a party seeking to add a new party to give the proposed new party notice of the motion to amend so that the new party would have the opportunity to file an opposition and request a hearing." *Srebnick* v. *Lo-Law Transit Mgmt., Inc.*, 29 Mass. App. Ct. at 51.

District Court judge's allowance of the amended complaint adding the new defendants was perfunctory.

It is quite clear that, given dismissal of the prior complaint, the subsequent complaint was ripe for dismissal under principles of res judicata. See Mass.R.Civ.P. 12(b)(1) and 12(b)(6), 365 Mass. 754 (1974). While res judicata is an affirmative defense that can be waived, see Mass.R.Civ.P. 8(c), 365 Mass. 749 (1974), there was no waiver here. The new defendants had no knowledge that they were destined to become participants in the action until they were served with process after the motion to amend was allowed. They then filed a timely motion to dismiss the amended complaint and asserted the res judicata defense.

That motion should have been allowed in its entirety. The case against JSE Corporation, the original defendant, had been dismissed pursuant to Mass.R.Civ.P. 33(a) in 1991. That claim was dead, and the effort to revive it by means of a subsequently filed duplicate complaint in the District Court in 1994 should have been rebuffed on the basis argued in the defendants' motion to dismiss, filed one month after the new defendants were added as parties to the case. The motion judge agreed that dismissal against JSE Corporation should be entered. However, her refusal to dismiss the case against the remaining defendants was error.

Our practice is tolerant with respect to amendment of pleadings, but presupposes that there is a viable pleading to amend. Put differently, the pending case sought to be amended must be one that could result in a recovery against the original defendant. If, as is the case here, such a recovery is not possible, the original defendant becomes, in the words of Justice Kaplan, merely a "stalking horse" for the plaintiff to initiate an action against others that would otherwise be time-barred. See *Christopher* v. *Duffy*, 28 Mass. App. Ct. 780, 785 (1990). Here, JSE Corporation was not a party from which any recovery was expected, but was used simply as a vehicle to enable the initiation of proceedings against other parties. See *ibid.*

Rule 15(a) of the Massachusetts Rules of Civil Procedure, 365 Mass. 761 (1974), provides that a pleading may be amended with leave of court, "and leave shall be freely given when justice so requires." That does not prevent the court from refus-

ing leave to amend when circumstances indicate. The decision is discretionary with the judge, and leave should be granted "unless some good reason appears for denying it." *Castellucci v. United States Fid. & Guar. Co.*, 372 Mass. 288, 289 (1977). Those reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 290, quoting from *Foman* v. *Davis*, 371 U.S. 178, 182 (1962) (interpreting cognate Fed.R. Civ.P. 15). See *Wynn & Wynn, P.C.* v. *Massachusetts Commn. Against Discrimination*, 431 Mass. 655, 673 (2000) ("While the rules of 'relation back' are liberal . . . . , they are not so broad as to encompass any claim that was known to the complainant that could have been brought in a timely fashion").

*Christopher* v. *Duffy, supra* at 784, ultimately turned on a determination that the amendment in question would have unfairly prejudiced the ability of the new parties to conduct discovery and defend. The decision suggests, however, that the inability to obtain relief against the original defendant would by itself have been a sufficient ground for denying leave to amend. *Id.* at 785-786. We think that is the case here, and that the refiling in a different court of the previously dismissed complaint against JSE Corporation is barred. We see no analytical difference between this tactic and the commencement of an action against a stranger, knowing that the stranger will prevail, for the sole reason of having a litigation vehicle by which to bring otherwise time-barred claims by means of amendment. While it may not have been feasible for the judge to whom the request to amend was presented to discern, absent opposition, what was taking place, the amended complaint in its entirety should subsequently have been dismissed on the basis asserted by the newly added defendants in their motion to dismiss.

We reject the proposition that liberality of amendment justifies the kind of manipulation of the system that occurred here. Rule 15(a) invites leave to amend "when justice so requires." Justice did not require further proceedings on behalf of a plaintiff who had already recovered by means of workers' compensation the same amount for his injury that he would

have recovered in a tort action against Graham for failure to obtain coverage. See *LaClair* v. *Silberline Mfg. Co.*, 379 Mass. 21, 30 (1979) (measure of recovery for failure to obtain workers' compensation insurance limited to what plaintiff would have received had insurance been in place). To the extent that the trust fund might have had an interest in reimbursing itself out of the plaintiff's tort recovery, the trust fund has at all times been free to proceed on its own against the uninsured employer. See G. L. c. 152, § 65(8). In the circumstances, we conclude that this action should not have been permitted to continue.

*Judgment reversed.*

*Judgment of dismissal shall
enter.*