Henry, Bruce R., J.
The plaintiff, Marjorie Diesenhaus, filed the case at bar seeking monetary damages for an alleged injury arising out of her slipping and falling while a patron of the Vinny T’s of Boston restaurant located at 7 Boston Turnpike, Shrewsbury, Massachusetts. Now before the court is defendant Bertucci’s Motion For Judgment On The Pleadings pursuant to Mass.R.Civ.P. 12(c); and Vinny T’s Restaurant Corporation’s Motion To Dismiss The Amended Complaint For Insufficiency Of Service Of Process and Buca, Inc.’s Motion To Dismiss The Amended Complaint For Insufficiency Of Service Of Process pursuant to Mass.R.Civ.P. 12(b)(5). For the reasons explained below, the defendants’ motions will be DENIED.
BACKGROUND
The facts relevant to the defendants’ motions are as follows.
The plaintiff filed the original complaint in the case at bar on December 28, 2007. In her original complaint, the plaintiff alleged that on December 31,2004, *201 while at the Vinny T’s of Boston restaurant located at 7 Boston Turnpike in Shrewsbury, the plaintiff slipped and fell on a wet floor, sustaining injuries. The plaintiff alleged that Vinny T’s of Boston owed to her, a guest, a duty of reasonable care as the owner and possessor of the property.
On January 25, 2008, the plaintiffs original complaint was served on Christopher Sheehan, the manager of the Vinny T’s of Boston restaurant located at 7 Boston Turnpike. In a motion filed June 16, 2008, Vinny T’s of Boston moved to dismiss for insufficiency of service of process on the grounds that Vinny Ts of Boston is a trademark, not a legal entity subject to suit, and Buca, Inc., which owned the Vinny T’s of Boston restaurant at the time of the alleged injury, no longer owns the restaurant. To its motion to dismiss, Vinny Ts of Boston attached the affidavit of Scott Handren, the Manager of Risk Management for Bertucci’s Corporation (“Handren”). Handren stated as follows: In early 2002 Buca, Inc. purchased all nine Vinny Testa’s restaurants. Buca, Inc. renamed the restaurants Vinny Ts of Boston and registered the name as a trademark. In December of 2004, Buca Restaurants 3, Inc., a wholly-owned subsidiary of Buca, Inc., owned and operated the Vinny Ts of Boston restaurants, including the one located at 7 Boston Turnpike. On September 9, 2006, Vinny Ts Acquisition Corp., a wholly-owned subsidiary of Bertucci’s Corporation, purchased Buca Restaurants 3, Inc. After Vinny Ts Acquisition Corp purchased Buca Restaurants 3, Inc., the name was changed to Vinny Ts Restaurant Corp. Vinny T’s Restaurant Corp. continued to own and operate the Vinny Ts of Boston restaurants, including the restaurant at issue in this case. At the time the original complaint was served, Christopher Sheehan was an employee of Bertucci’s Corporation and its subsidiaries.
The plaintiff opposed Vinny T’s of Boston’s motion to dismiss on the grounds that Vinny T’s of Boston had no standing to move to dismiss representing the interests of Bertucci’s Corporation and service of process was properly made on Bertucci’s Corporation, doing business as Vinny Ts of Boston. The plaintiff moved to amend her complaint to correct the misnomer with respect to Vinny T’s of Boston and to add causes of action against other defendants arising out of the alleged December 31, 2004, slip and fall.
The court denied Vinny T’s of Boston’s motion to dismiss and allowed the plaintiffs motion to amend her complaint. Thereafter, the plaintiff filed the first amended complaint, the currently operative complaint, in which she brings negligence actions against Bertucci’s Corporation, doing business as Vinny Ts of Boston (“Bertucci’s”); Vinny T’s Restaurant Corp., formerly known as Buca Restaurants 3, Inc. (“Vinny Ts Restaurant Corp.”); and Buca, Inc. (“Buca”). The plaintiff alleges that each of the three defendants owed her a duty “as the owner and/or possessor of the premises” and that each was negligent in breach of that duty in that it allowed the wet floor to create a dangerous and hazardous condition and failed to warn visitors of the condition.
DISCUSSION
A. Bertucci’s Motion for Judgment on the Pleadings
“A defendant’s rule 12(c) motion is ‘actually a motion to dismiss . . . [that] argues that the complaint fails to state a claim upon which relief can be granted.’ ” Jarosz v. Palmer, 436 Mass. 526, 529 (2002), quoting J.W. Smith & H.B. Zobel, Rules Practice §12.16 (1974). All facts pled by the plaintiff are taken as true and the court may also consider “those facts of which judicial notice can be taken.” Id. at 530. Pursuant to Mass.R.Civ.P. 12(c), “[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summaiy judgment, . . . and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion.”
As a preliminary matter, this court will not convert the defendant’s motion into one for summaiy judgment. The court will, therefore, not consider the September 25, 2006, Stock Purchase Agreement submitted to this court but not attached as an exhibit to Bertucci’s motion or its answer. The court will apply the now well-established motion to dismiss standard: to survive a motion to dismiss, a complaint must set forth the basis of the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
“To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duiy, that damage resulted, and that there was a causal relation between the breach of the duty and the damage.” Jupin v. Kask, 447 Mass. 141, 146 (2006). Here, the first amended complaint alleges, “Bertucci’s as the owner and/or possessor of [the property located at 7 Boston Turnpike] owed Ms. Diesenhaus a duly of reasonable care while she was visitor on the premises.” The above language alleges sufficient facts plausibly to suggest entitlement to relief on legal theories including both premises liability or successor corporation liability. Cf. Milliken & Co. v. Duro Textiles, 451 Mass. 547, 556 (2008) (“Most jurisdictions, including Massachusetts, follow the traditional corporate law principle that the liabilities of a selling predecessor corporation are not imposed upon the successor corporation which purchases its assets, unless (1) the successor expressly or impliedly assumes liability of the predecessor, (2) the transaction is a de facto merger or consolidation, (3) the successor is a mere continuation of the predecessor, or (4) the transaction *202 is a fraudulent effort to avoid liabilities of the predecessor”).
As the complaint states a claim for which relief maybe granted, Bertucci’s Motion For Judgment On The Pleadings will be DENIED. At this stage this court will not speculate on the plaintiffs likelihood of success on her claim of successor corporation liability, an issue better suited to consideration on a motion for summary judgment.
B. Motions to Dismiss of Vinny T’s Restaurant Corp. and Buca, Inc.
Both Vinny T’s Restaurant Corp. and Buca contend that service of the amended complaint was defective as it was after the statute of limitations had run.
Pursuant to Mass.R.Civ.P. 15(a), a plaintiff may amend her complaint to add a party or a claim “by leave of the court . . . and leave shall be freely given when justice so requires.” Massachusetts Rule of Civil Procedure 15(c) provides: “Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.” “Therefore, even if the statute of limitations has expired, in the court’s discretion a plaintiff may be permitted to substitute a new defendant for the one named in the original complaint.” Herrick v. Essex Reg’l Ret Bd., 68 Mass.App.Ct. 187, 191 (2007).
It is clear, and the parties do not argue otherwise, that the claims against Vinny T’s Restaurant Corp. and Buca arise out of the same conduct, transaction, or occurrence, namely the plaintiffs slip and fall, as the original complaint, which was filed prior to the running of the statute of limitations. Vinny T’s Restaurant Corp. and Buca argue that the amended complaint does not relate back to the filing date of the original complaint because the original complaint was not valid against any defendant and, even ifithad been valid against Bertucci’s, the plaintiff cannot recover against Bertucci’s. In support of their motions, they both cite Ramirez v. Graham, 64 Mass.App.Ct. 573 (2005). In Ramirez, at issue was an amended District Court complaint, filed after the statute of limitations had run, argued by the plaintiff to relate back to a District Court complaint that was a “virtual duplicate of a complaint filed in Superior Court,” which had previously been dismissed with prejudice. Id. at 578. The Ramirez court dismissed the complaint, explaining that “(o]ur practice is tolerant with respect to amendment of pleadings, but it presupposes that there is a viable pleading to amend.” Id. at 579. As the earlier complaint had been dismissed with prejudice, the Appeals Court held that the proposed amendment should not have been allowed. For the reasons discussed above, the plaintiff has stated a claim on which relief can be granted against Bertucci’s. The case at bar is, therefore, distinct from the situation in Ramirez.
As the claims against Vinny T’s Restaurant Corp. and Buca in the plaintiffs amended complaint arise out of the same occurrence as the original, timely-filed complaint, and the original complaint is valid, the plaintiffs amended complaint relates back to the original complaint. In reaching this conclusion, this court also considers that there is no evidence that Vinny Ts Restaurant Corp. or Buca were prejudiced by the filing of the amended complaint approximately nine months after the statute of limitations for this action ran.
The motions of the defendants Vinny T’s Restaurant Corp. and Buca, Inc. to dismiss for insufficiency of process will be DENIED.
ORDER
It is hereby ORDERED that Bertucci’s Motion For Judgment On The Pleadings pursuant to Mass.R.Civ.P. 12(c) is DENIED; that Vinny T’s Restaurant Corporation’s Motion To Dismiss The Amended Complaint For Insufficiency Of Service Of Process and Buca, Inc.’s Motion To Dismiss The Amended Complaint For Insufficiency Of Service Of Process pursuant to Mass. R. Civ. P. 12(b)(5) are both DENIED.