Nickerson, Gary A., J.
Frank Williams (“Williams”), a defendant in the underlying negligence suit, brought a claim for per se slander against third-party defendant Walter Langlois (“W. Langlois”) for remarks W. Langlois made to the media after his son was brutally beaten by another student while aboard a bus operated by Williams and owned by codefendant First Student, Inc. (“First Student"). This action is before the court on W. Langlois’ Motion for Summaiy Judgment solely as to Williams’ per se slander claim, Count III of the third-party complaint (Third-Party Complaint).[3] For the following reasons, W. Langlois’ motion is ALLOWED.
BACKGROUND
On March 29, 2005, Douglas Langlois (“Douglas”), then a seventeen-year-old attending Upper Cape Cod Regional Technical School (“Cape Cod Tech”), suffered serious and permanent physical injuries after being attacked by a fellow student while traveling on a school bus registered to First Student, Inc. Williams allegedly had prior reason to know of the assailant’s violent propensities and Williams allegedly declined to stop the vehicle during the incident to obtain emergency aid. Days after the assault, W. Langlois commented to Boston news station WCVB that:
[Williams] didn’t care . . . whether [my son] was stabbed and dying back there or whether he was dead. Didn’t care. And I told that to the superintendent. I said he has no business being in the front of that bus, a school bus no less. None whatsoever.
The superintendent of Cape Cod Tech informed First Student in writing on March 30, 2005 that Williams was thereby prohibited from driving any bus associated with the transportation of Cape Cod Tech students.[4]
On March 27,2008 — two days before the expiration of Massachusetts’ three-year statute of limitations on tort actions — Douglas sued Williams individually and First Student as Williams’ employer for negligence. More than seven months later, First Student and Williams sought and were granted leave to file a Third-Party Complaint against Douglas’ parents, W. Langlois and Donna Langlois (“D. Langlois”). Counts I and II of the Third-Party Complaint sought contribution and common-law indemnification against W. and D. Langlois in connection with alleged secondhand-smoke exposure that might have caused or exacerbated a pneumothorax Douglas experienced months after the assault. Additionally, Williams asserted a per se slander claim (Count III) against W. Langlois.[5] Williams contends that Count III remains viable notwithstanding the statute of limitations because the claim relates back to the filing of Douglas’ original complaint.
DISCUSSION
W. Langlois has moved for summaiy judgment pursuant to Mass.R.Civ.P. 56(b), arguing that Williams’ per se slander claim is time-barred. Summary judgment is appropriate where no genuine issue of material fact exists, thereby entitling the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Souza v. Sheriff of Bristol County, 455 Mass. 573, 576-77 (2010); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983). In resolving a motion for summaiy judgment, the court must consider every factual allegation, drawing all reasonable inferences in favor of the nonmovant. Maffei v. Roman Catholic Archbishop of Boston, 449 Mass. 235, 242-43 (2007). As the moving party, W. Langlois may satisfy his burden by producing evidence that negates an essential element of Williams’ case or by highlighting a lack of evidence such that Williams has no reasonable expectation of proving an essential element of his case at trial. See Petrell v. Shaw, 453 Mass. 377, 381 (2009); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 714 (1991). Where applicable, a third-party plaintiff must identify facts that would warrant taking his case out of the statute of limitations. See Riley v. Presnell, 409 Mass. 239, 243-44 (1991).
Massachusetts law favors a decidedly liberal approach toward relation back of amendments. Nat’l Lumber Co. v. LeFrancois Constr. Corp., 430 Mass. 663, 671 (2000). Under Mass.R.Civ.P. 15(c), amendments relate back “[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.” Furthermore, M.G.L.c. 231, §51 permits a court to exercise its discretion in granting an amendment “which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought, or enable the defendant to make a legal defense.” See Wood v. Jaeger-Sykes, Inc., 27 Mass.App.Ct. 199, 202-03 (1989). This procedural mechanism, while inapplicable to grievances barred by the statute of repose, may operate to overcome a statute of limitations. Herrick v. Essex Reg’l Ret. Bd., *176 68 Mass.App.Ct. 187, 191-92 (2007); Casco v. Warley Elec. Co., 37 Mass.App.Ct. 701, 704 (1994). Yet, the rules “are not so broad as to encompass any claim that was known to the complainant that could have been brought in a timely fashion.” Ramirez v. Graham, 64 Mass.App.Ct. 573, 580 (2005), quoting Wynn & Wynn, P.C. v. Mass. Comm’n Against Discrimination, 431 Mass. 655, 673 (2000).
Viewing the evidence in the light most favorable to Williams, this court concludes that Williams’ per se slander claim does not flow from the same nexus of operative facts as Douglas’ negligence claims. Aside from the temporal gap between Williams’ allegedly negligent acts and W. Langlois’ statement to the media, any potential reputational harm to Williams attributable to those comments involves a wholly distinct factual inquiry. The school bus assault undoubtedly served as impetus for W. Langlois’ statement. Nonetheless, such an attenuated but-for causal link does not render Douglas’ negligence claim and Williams’ per se slander count part of the same conduct, transaction, or occurrence for purposes of relation back. Cf. Weber v. Community Teamwork, Inc., 434 Mass. 761, 784-85 (2001) (holding that, even if an alleged wrongful termination and subsequent administrative complaint had triggered retaliatory action by the employer, a later retaliation claim did not relate back where the plaintiffs original pleading neglected to mention any such conduct). Unlike First Student and Williams’ abandoned claims for contribution and indemnification, Count III seeks recovery for a harm not even obscurely referenced by the initial pleadings and in no way bears upon Williams’ ability to defend the negligence suit against him.
Moreover, Williams knew or should have known — if not shortly after W. Langlois’ remarks hit the airwaves, then certainly by the time Douglas filed his complaint nearly three years later — that he had a prospective per se slander claim against W. Langlois. Given the nature of the allegations, Williams failed to bring that claim in a timely manner.[6] Williams’ attempt to cure this fatal deficiency by invoking the relation-back doctrine on a claim distinctly separate from the underlying negligence suit will not be condoned by this court.
ORDER
For the foregoing reasons, it is ORDERED that W. Langlois’ Motion for Summary Judgment be ALLOWED as to Count III of First Student and Williams’ Third-Party Complaint.

 Though W. Langlois has challenged the validity of the per se slander claim by way of a contemporaneous motion to dismiss, this court treats W. Langlois’ motion as one for summary judgment. See Mass.R.Civ.P. 12(b).

 Williams argues that this supports his per se slander claim, indicating W. Langlois’ comments “prejudiced] him in his office, profession or business or . . . probably tendled] to do so.” See Lynch v. Lyons, 303 Mass. 116, 119 (1939). Since W. Langlois seeks to dispose of Count III solely on statute of limitations grounds, this court has no occasion to pass on the substantive merits, if any, of Williams’ per se slander claim or other defenses that W. Langlois might have thereto.

 Counts I and II were voluntarily dismissed on June 17, 2010; thus, the per se slander claim is all that remains of the Third-Party Complaint.

 It is also noteworthy that, insofar as the record indicates, W. and D. Langlois did not receive proper notice of the third-party complaint prior to its filing. First Student and Williams only informed Douglas’ then-acting attorney, who did not object. In Massachusetts, the judicially preferred practice is for the existing party to give advance notice to the proposed new party so that the latter may have an opportunity to file an opposition and request a hearing. Srebnick v. Lo-Law Mgmt., Inc., 29 Mass.App.Ct. 45, 51 (1990).