SUPERIOR COURT 
 
 BRADFORD CARPET ONE CO., INC. V. PIEDMONT STREET, LLC, ET AL.

 
 Docket:
 1777CV1274
 
 
 Dates:
 October 2019
 
 
 Present:
 Elizabeth M. Fahey, Justice of the Superior Court
 
 
 County:
 ESSEX, ss.
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER CONCERNING THE CH. 93A COUNT
 
 

             Having determined that Piedmont Street LLC ("Piedmont") is liable under breach of contract, quantum meruit and Chapter 93, this court discussed with counsel about piercing the corporate veil since it was unclear whether Piedmont would be able to satisfy any judgment. In Massachusetts, LLC's are treated the same as corporations for purposes of "meaningful remedies for injuries and to avoid injustice." Middlesex Retirement System, LLC v. Board of Assessors of Billerica, 453 Mass. 495, 504 (2009); See also My Bread Baking Co., v. Cumberland Farms,  Inc., 353 Mass. 614 (1968). Accordingly, should Piedmont no longer have the financial capacity to satisfy the judgment, this court is willing to consider whether plaintiff should be allowed to pierce Piedmont LLC's veil.
            In accord with the scheduling track counsel proposed,[1] it is ordered:
1.         Plaintiff shall serve its motion to add the individual parties[2] within 7 days.
2.         Defendants and the two proposed parties have 7 days to oppose.
---------------------------
[1]If, after review of this memorandum, they want to try to resolve this case, counsel can agree on a slightly longer schedule. If so, they can send this court their proposed schedule.
 
[2]Although this court has not located a case that requires amendment to add the individual managers of Piedmont, this court allows that process in perhaps an excess of caution.
                                                            -1-
3.         The Motion to Amend and Opposition shall be filed in Newburyport with a copy to the undersigned in Essex Superior Court, 43 Appleton Way, Lawrence, Massachusetts, 01840.
4.         The court will consider any request for a hearing.
5.         If the motion to amend is allowed, the parties have 7 days to serve paper discovery to which defendants will respond within 10 days.
6.         The parties then have 14 days to conduct depositions.
7.         The parties shall report for a scheduling conference in Lawrence on November 26, 2019 at 3:00 p.m.
            The rationale for this process is discussed below and much, if not all, of this is likely well known by counsel:
Motion to Amend:
            Massachusetts R. Civ. P. 15(a) allows a party to amend his/her complaint by leave of court "when justice so requires." By its plain terms, the rule provides that such leave "shall be freely given." Mass. R. Civ. P. 15(a). This is not to suggest that leave to amend is appropriate in all cases, but that leave should be granted, unless some good reason exists for denying it. Ramirez v. Graham, 64 Mass. App. Ct. 573, 579-580 (2005). Good reasons for denial include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of [the] amendment[.]" Castellucci v.  United States Fid & Guar. Co., 372 Mass. 288, 290 (1977) when justice so requires." This liberal amendment policy should not, however, override the rights of a party that would be prejudiced by an amendment. Castellucci v. United States Fidelity and Guaranty Co., supra at 292. Keeping this principle in mind, a motion to amend may be denied when there is undue
                                                            -2-
delay by the moving party, the trial is imminent, or the amendment would cause undue prejudice to the opposing party. See Barbosa v. Hopper Feeds, Inc., 404 Mass. 610, 621 (1989).
            Rule 15(b) allows amendment of pleadings to conform to the evidence, providing that, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Mass. R. Civ. P. 15(b). This provision of the rules is intended to address the situation where, at trial, matters not raised by the pleadings were in fact tried by the express or implied consent of the parties. Its application not only requires a trial, but also the express or implied consent of the parties.
            Even if the issue were not raised in the complaint and other documents, the judge may introduce a recovery theory or unpleaded issue at trial if there is "implied consent" of the parties, reflected by evidence that the parties knew the evidence bearing on the unpleaded issue was in fact aimed at that issue and not some other issue the case involved." Jensen v. Daniels, 57 Mass. App. Ct. 811 816 (2003). See Mass. R. Civ. P. 15(b), 365 Mass. 761 (1974); Harrington-McGill v. Old Mother Hubbard Dog Food Co., Inc.. 22 Mass. App. Ct. 966 968 (1986).
            While, pursuant to rule 15(b), a motion to amend the pleadings to conform to the evidence may be made after trial, the timing of such a motion is a factor that may be considered by the judge in ruling on the motion. See Castellucci v. United Slates Fid. & Guar. Co., 372 Mass. 288. 291-292; Bullock v. Zeiders, 12 Mass. App. Ct, 634, 637, 428 N.E.2d 311 (1981). A judge may also weigh the prejudice to the nonmoving party. See flamed v. Fadili, 408 Mass. 100, 105 (1990).
            An amendment pursuant to rule 15(b) also requires the moving party to show that the issue to be added was "tried by express or implied consent of the parties."
                                                            -3-
Piercing the Corporate Veil:
            One of the basic tenets of corporate common law is that corporations -- notwithstanding relationships between or among them -- ordinarily are regarded as separate and distinct
entities. See, e.g., Attorney Gen. v. M.C.K., Inc.. 432 Mass. 546, 555 (2000); My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 618.
            In Massachusetts, the equitable doctrine of corporate disregard differs in no material respect from the description in United States v. Bestfoods, 524 U.S. 51 at 62-63 (1998) (1998); Middlesex Retirement System, LLC v. Board of Assessors of Billerica, 453 Mass. 495, 503-504 (2009). Corporate veils are pierced only in "rare particular situations," and only when an "agency or similar relationship exists between the entities." My Bread Baking Co. supra at 619-20. A veil may be pierced where the parent exercises "some form of pervasive control" of the activities of the subsidiary "and there is some fraudulent or injurious consequence of the intercorporate relationship." Id. at 619. See Hanson v. Bradley, 298 Mass. 371 (1937) ("The right and the duty of courts to look beyond the corporate forms are exercised only for the defeat of fraud or wrong, or the remedying of injustice"). See also 1 W.M. Fletcher, Cyclopedia of Corporations, supra at § 43, at 292 ("the injured party must show some connection between its injury and the parent's improper manner of doing business -- without that connection, even when the parent exercises domination and control over the subsidiary, corporate separateness will be recognized"). Stated more directly, control, even pervasive control, without more, is not a sufficient basis for a court to ignore corporate formalities: "There is present in the cases which have looked through the corporate form an element of dubious manipulation and contrivance [and] finagling . . . ." Evans v. Multicon Constr. Corp., 30 Mass. App. Ct. 728, 736 (1991); See United States v. Bestfoods, supra at 62 (veil piercing appropriate when, "inter alia, the
                                                            -4-
corporate form would otherwise be used to accomplish certain wrongful purposes, most notably fraud, on the shareholder's behalf"); 1 W.M. Fletcher, Cyclopedia of Corporations, supra at § 43, at 296 ("although corporations are related, there can be no piercing of the corporate veil without a showing of improper conduct"). Ultimately, the decision to disregard settled expectations accompanying corporate form requires a determination that the parent corporation directed and controlled the subsidiary, and used it for an improper purpose, based on evaluative consideration of twelve factors:
"(1) common ownership; (2) pervasive control; (3) confused intermingling of business assets; (4) thin capitalization; (5) nonobservance of corporate formalities; (6) absence of corporate records; (7) no payment of dividends; (8) insolvency at the time of the litigated transaction; (9) siphoning away of corporation's funds by dominant shareholder; (10) nonfunctioning [***17]  of officers and directors; (11) use of the corporation for transactions of the dominant shareholders; and (12) use of the corporation in promoting fraud" (emphasis added).[3]
Attorney Gen. v M.C.K.. Inc.. supra at 555 n.19, citing Pepsi-Cola Metro, Bottling Co. v.  Checkers. Inc.,  754 F.2d 10, 14-16 (1st Cir. 1985) (categorizing My Bread Baking Co. factors).
            Generally, corporations are to be regarded as separate and distinct from each other and from their respective stockholders in order to promote capital investment in these enterprises. My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 618. Birbara v. Locke, 99 F.3d 1233, 1241 (1st Cir. 1996). It is only when injustice, including evasion of or frustration of a statute or the Legislature's purpose, must be prevented that resorting to the equitable tool of corporate disregard is warranted, i.e., it is permissible to pierce the corporate veil. Attorney General v. M.C.K., Inc., supra at 555; Evans v. Multicon Constr. Corp., 30 Mass.App.Ct. 728,
---------------------------
[3]Because this case involves LLC's, it may well be that some variation/modification of these factors may be necessary.
                                                            -5-
732 (1991). What the plaintiff must establish is more than a mere showing of common ownership and management among the corporations. My Bread Bakin2 Co., 353 Mass. at 619. Additional facts must be presented in order to permit the conclusion that an agency or other relationship exists between the parties, thereby imposing potential liability. Id. This is particularly true:
            (a) when there is active and direct participation by the representatives of one corporation, apparently exercising some form of pervasive control, in the activities of another and there is some fraudulent or injurious consequence of the intercorporate relationship, or (b) when there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting. Id.
            It appears that Massachusetts is more strict than other jurisdictions in permitting the nonobservance of corporate formalities. My Bread Baking Co., 353 Mass. at 619-20. Indeed, courts only allow such disregard in "rare" situations. Id. at 620; Evans, 30 Mass.App.Ct. at 732. Even more infrequent is the court which allows the disregard of corporate formalities in a contractual dispute rather than a tortious injury. Birbara, 99 F.3d at 1238. However, if one common theme threads through these decisions, it is "an element of dubious manipulation and contrivance, finagling, such that corporate identities are confused and third parties cannot be quite certain with what they are dealing." Evans, 30 Mass.App.Ct. at 736. Lothian v. Mumford, No. 00-02565, 2006 Mass. Super. LEXIS 274, at *13-15 (June 9,2006): 
            Under Massachusetts law, corporate officers and stockholders are ordinarily not liable for a corporation's breach of contract. See M. McDonough Corp. v. Connolly, 313 Mass. 62, 65-66,
                                                            -6-
(1943) ("[c]orporations are distinct entities, and even where the identity of the stockholders and the control of a contracting corporation exists, this does not operate to merge the corporations into one or to make either the agent of the other"); My Bread Baking Co., 353 Mass. at 618.
However, "a corporation or other person controlling a corporation and directing or participating actively in its operations may become subject to civil ... liability on principles of agency or causation. This may sometimes occur where corporations are formed, or availed of, to carry out the objectives and purposes of the corporations or persons controlling them." Id. "[S]hareholders may be held liable where they control the operation of the corporation and run it for their personal benefit, and where justice requires that the separate existence of the corporation be ignored."
Pepsi-Cola Metro Bottling Co., 754 F.2d 10, 16 (1st Cir. 1985), citing Mv Bread Bakin2 Co., 353 Mass. at 618, n.7.
            In this case, Piedmont required Atlantic to falsely sign that it had been paid when it had not been paid. Following Piedmont's example, Atlantic required Bradford to falsely sign that it had been paid when Atlantic knew and Piedmont either also knew or at least should have known, that Bradford had not been paid. There is no question that the conduct of both LLC's constitute unfair, deceptive and unconscionable acts in violation of Ch. 93A. With these facts in mind, this court is willing to hear from both sides concerning piercing Piedmont's veil.
ORDER 
            The schedule contained herein is imposed.
@/s/Elizabeth M. Fahey, Justice of the Superior Court
@October 2019
                                                            -7-
xxz