Bakas, J.
The instant case is grounded upon a Complaint that was brought on December 16,1986 relative to a loss that occurred on September 26,1985. The loss to the plaintiffs pertained to personal property that was in the motor vehicle of the one plaintiff who had previously parked said vehicle at the defendant's garage... .. and, while so parked, it was stolen. The defendant's Answer was filed in a timely fashion; and, thereafter, on August 8,1989, the plaintiffs' Motion to Amend the Complaint was heard and denied.
The sole question presented by the Report asserts that the court's denial of the motion constituted anabuseofdiscretion bvthe motionjudge (emphasis supplied).
The relevant portion of Dist./Mun. Cts. R. Civ. P., Rule 15(a) applicable to the issue before us for our determination states in part as follows:
“.aparty may amend his pleading only by leave of court.and leave shall be freely given when justice so requires....”
It is abundantly clear under our case lawthatthe denial of amotion to amend lies within the sound discretion of the motionjudge. Some of the reasons which would justify the denial of a motion to amend would include, “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.” Shaw v. Seigel, 13 Mass. App. Ct. 258, 263 (1982), and cases cited.
Although it is the stated policy of Rule 15 (a) that leave to amend shall be freely given when justice so requires, the judicial decision (denial of motion to amend) without more, does not constitute, nor does it transform the motion judge's discretionary decision into an abuse of discretion.
Nowhere in the Report before us (taken together with the Complaint; Answer and Motion to Amend the Complaint as part thereof) is there anything that remotely suggests an abuse of discretion by the motion judge; and, our decision must be rooted in the Report and only such other material as is attached and referred to in the Report.
We do note in passing that the briefs of both parties indicate a variety of reasons which suggest why the motion judge in his discretion quite properly denied the plaintiffs' motion to amend (and is part of the record incident to the hearing on August 8,1989) and nothing in the same briefs that would indicate an abuse *214 of discretion (emphasis supplied). Thus, even the briefs justify the action of the motion judge. Nevertheless, the briefs are not apart of the Report and consequently have no bearing beyond their intended purpose upon our decision.
For the reasons hereinabove stated we'find no error by the motion judge and order the Report dismissed.