Sabra, J.
The plaintiff appeals from the motion judge’s allowance of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Mass. R. Civ. P., Rule 12(b) (6). The crux of the motion to dismiss was that the plaintiffs complaint was filed to collect on a deficiency after repossession of an automobile pursuant to G.L.c. 255B, Sections 20A and B, and that the plaintiffs complaint was fatally flawed in that it did not specifically plead certain conditions precedent to the maintenance of a suit under that law. We determine that there was prejudicial error in the allowance of the motion. As a result, we vacate the order dismissing the action, and remand the case to the New Bedford District Court with permission on the plaintiffs part to file an amended complaint.
The plaintiff, U.S. Trust Company (hereinafter “US Trust”), filed suit in New Bedford District Court on March 20,1996 to collect a deficiency balance due on a note after the repossession and sale of a used 1988 Renault. The defendant, Henry Carreiro, immediately filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, Mass. R. Civ. P., Rule 12(b) (6), although the motion was never marked for hearing. After some period of time, the Court issued a Rule 1-88 Dismissal Notice on November 5, 1998. US Trust responded by filing a motion to vacate the dismissal on November 13,1998, which motion was eventually allowed, subject to a hearing on the defendant’s Motion to Dismiss. The defendant refiled the Motion to Dismiss and after a hearing on May 18,1999, the motion was allowed on May 19, 1999. The plaintiff now appeals the allowance of the motion.
We begin by noting that the defendant’s Motion to Dismiss does not contend that the statutory notice, regarding the collection of a deficiency after a repossession and sale of a vehicle pursuant to G.L.c. 255B, Section 20A, was never given to the defendant. Rather, the gravamen of the defendants motion is that the issue of the statutory notice and other conditions precedent were not pleaded in the plaintiffs complaint. This distinction is significant because although the performance of the “condition precedent” is an element of proof for the plaintiffs claim, the failure to plead the fact of performance of a “condition precedent” is not fatal to the maintenance of a cause of action. The Supreme Judicial Court, in Vasys v. Metropolitan District Commission, 387 Mass. 51 (1982), indicated that the purpose of pleading the performance of a “condition precedent,” pursuant to Mass. R. Civ. P., Rule 9(c), is to allow the defendant the opportunity to respond “specifically and with particularity” to an averment of the performance of the condition precedent or risk being barred from raising the issue of such performance at a later date. Travers v. Travelers Ins. Co., 385 Mass. 811 (1982). “If the complaint contains no general averment of performance of conditions precedent, the defendant is under no obligation to deny the nonexistent averment..., but may raise the issue at any time before or during trial.” Vasys, supra at 55. As the court pointed out in Vasys, where *160 the condition precedent was in fact performed, the plaintiffs failure to include an allegation to that effect in the complaint would have no effect on the outcome of the case. The court, in such a circumstance, would still have subject matter jurisdiction. The outcome would only be affected where the plaintiff has not complied with the statutory prerequisite, in which case proof of noncompliance with the statutory prerequisite would make the plaintiffs complaint subject to dismissal under Mass. R. Civ. P., Rule 12(b) (6), for failure to state a claim upon which relief can be granted.
The defendant does not assert that the statutory conditions were not in fact met, just that they were not pleaded. Specifically, the defendant contends that G.Lc. 255B, Section 20B precludes a creditor from recovering on a deficiency unless it can be established that the unpaid balance of the consumer credit transaction at the time of default was two thousand dollars or more. The creditor may recover the deficiency, if any, “resulting from deducting the fair market value of the collateral from the unpaid balance due and shall also be entitled to any reasonable repossession and storage costs, provided he has complied with all provisions of this section.” G.L.c. 255B, Section 20B (e)(1). In this case, the defendant thus asserts that the plaintiffs failure to plead the exact date of default, the $2000 threshold, the fair market value of the car, and the amount owed on the date of default, are fatal to the maintenance of the plaintiffs claim. We disagree. The plaintiffs complaint alleged that the unpaid balance amounted to $6,621.37, after the car was repossessed and sold and after all credits due were deducted. At trial, the plaintiff will have the burden of proving the precise amounts which comprise the damages sought. However, in terms of pleading, we think that any absence in the complaint of the specifics of the damages sought does not bar the claim from proceeding to a full determination on the merits.
However, the defendant’s argument with respect to the statutory notice required under the repossession law presents a different question from the “conditions precedent” which pertain to the ultimate proof of damages previously discussed. The defendant’s contention may be viewed as challenging the sufficiency of the complaint in terms of setting forth the elements of a cause of action. In other words, the question is whether an averment that the statutory notice required pursuant to G.L.c. 255B, Section 20B, must be included as an element to the maintenance of a cause of action under that provision. In general, a complaint must set forth “(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled.” Rule 8(a) of the Mass. R. Civ. P., 365 Mass. 749 (1974). In some circumstances, under specific statutory claims for relief, the courts have determined that “special elements” be alleged in the complaint. For example, a consumer claim filed pursuant to G.L.c. 93A, Section 9, requires the plaintiff to allege that a demand letter was sent to the defendant. Slaney v. Westwood Auto, Inc., 366 Mass. 688, 704 (1975). Similarly, we believe that statutory claims for relief to recover deficiencies under G.L.c. 255B require the pleading of a “special element” of statutory notice to establish the prerequisite to suit.
The plaintiff’s complaint in this case alerts the defendant to the following: that he purchased a motor vehicle and executed a promissory note/retail installment contract, that the defendant defaulted and the motor vehicle was repossessed and sold, and after applying all credits due there remained an unpaid balance of $6,621.37. The complaint further states that “this is an attempt to collect a debt,” and demands judgment with interest and costs. There is no doubt that the defendant is seeking damages based on a deficiency.
The problem lies in establishing that the defendant received a statutory notice of his default as required by G.L.c. 255B, Section 20A. This is analogous to the requirement of a demand letter pursuant to G.L.c. 93A. In fact, Section 20A specifi *161 cally states that “the secured creditor may not bring an action against a buyer or proceed against the collateral until he gives the buyer the notice described in this section.” The only indication in the plaintiffs complaint that there was compliance with this section is the reference in paragraph 4 that the motor vehicle was “lawfully repossessed.” The question then becomes whether this vague reference to compliance with statutory prerequisites is “sufficient to aver generally that all conditions precedent have been performed or have occurred.” Mass. R. Civ. P., Rule 9(c). The entirety of the complaint, together with its inferences or conclusory statements, may be examined to determine the sufficiency of a complaint. Slaney v. Westwood Auto, Inc., 366 Mass. 686, 701 (1975). See also Multi Technology, Inc. v. Mitchell Management Systems, Inc., 25 Mass. App. Ct. 333, 337 (1988) (fair notice of plaintiff seeking multiple damages award in c. 93A claim found in complaint’s prayer for treble damages although no specific allegation of wilful or knowing violation was included).
Although this is a close question, we think that, despite the general nature of the lawsuit being clear, G.L.c. 255B requires the “special element” of notice to be alleged in the complaint. It is clear that notice was not pleaded in the instant complaint. However, the fact that such an allegation was not included in this complaint does not mean that dismissal is the only appropriate remedy. See White v. Spence, 5 Mass. App. Ct. 679 (1977) (further leave to amend complaint allowed after dismissal under Rule 12(b) (6)); Garrity v. Garrity, 399 Mass. 367 (1987) (plaintiff entitled to file an amended complaint after dismissal of vague, overlong and rambling complaint). Especially where, as here, the applicable six year statute of limitations has now run, the appropriate remedy is to allow the plaintiff to file an amended complaint which properly sets forth the allegations necessary to maintain the cause of action.
For these reasons, we reverse the judgment of dismissal and remand the case to the New Bedford District Court where the plaintiff may, on request made within sixty days of this decision, be permitted to amend in conformity with this opinion.
So ordered.