Summerville, J.
This is an appeal by the plaintiff, James C. Kehoe, from the allowance of summary judgment in favor of the defendant, Massachusetts Port Authority (hereafter referred to as “Massport” or the defendant). The plaintiff, Robert C. Kehoe, alleges that he sustained personal injury when he fell on the premises of the Moran Terminal operated by Massport in Charlestown, Massachusetts. The judge allowed the motion for summary judgment finding that the plaintiffs claim was “exclusively cognizable” under G.L.c. 84 and that the plaintiff failed to provide proper notice as required by G.L.c. 84, §15. We find no error.
The plaintiff alleges that he slipped and fell on snow and ice which had accumulated in a catch basin at the Moran Terminal. It appears undisputed from the parties’ submissions that Massport operated the Moran Terminal as a container shipping facility for the port of Boston. The plaintiff claimed that the incident occurred on January 14,1994, and that his fall took place while walking on a roadway located within the premises of the Moran Terminal. At the time of the incident the plaintiff was employed as an operator of container transport vehicles.
*258 Plaintiffs counsel sent a letter to Massport captioned “Statutory Notice and Claim Letter,” dated February 14,1994, which provided notice of his claim, including the date, time and place of injury. The letter was addressed to “Director/ Supervisor, Massport Maritime Department.” Although the plaintiffs letter was captioned “Statutory Notice and Claim Letter,” it did not designate a particular statute under which it had been sent. The motion judge found that Massport received this letter on February 29,1994.[1]
A motion for summary judgment will be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors, 410 Mass. 706, 711 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass. R. Civ. P., Rule 56(c), 365 Mass. 824 (1974). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, 404 Mass. 14, 17 (1989). “If the moving party establishes the absence of a triable issue, the opposing party must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat summary judgment.” Id. at 17, quoting O’Brion, Russell & Co. v. LeMay, 370 Mass. 243 (1976). Although the material supplied by the moving party in support of its motion need not disprove an essential element of the claim of the party on whom the burden of proof at trial will rest, it must demonstrate that proof of an essential element is unlikely to be forthcoming at trial. Kourouvacilis v. General Motors, 410 Mass. 706 (1991).
The defendant’s motion for summary judgment was brought on the basis that G.L.c. 84, §157 provided the exclusive remedy[2] for the plaintiffs injuries. The plaintiffs answers to interrogatories indicated that his fall was caused by an alleged defect occurring on a roadway within the premises of the Moran Terminal. The motion judge determined that G.L.c. 84, §15 was the plaintiffs sole remedy, and summary judgment was allowed on the basis that the plaintiff failed to provide statutory notice within thirty days of injuiy as required by G.L.c. 84, §18-[3] See Baird vs. Massachusetts Bay Transp. Authority, 32 Mass. App Ct. 495 (1992); Ram v. *259 Charlton, 409 Mass. 481 (1991). The judge also found that plaintiffs notice was insufficient because it was not sent to a “member of the Authority or to the secretary-treasurer of the Authority,” as required by G.L.c. 91 App. §1-2.
The plaintiff makes two arguments that the judge erred in granting summary judgment on the basis that his cause of action was “exclusively cognizable” under G.L.c. 84, §15. First, plaintiff contends that there was a genuine issue of material fact as to whether the defendant’s Moran Terminal was a “public way” within the meaning of G.L.c. 84, §15. Second, plaintiff argues that the Moran Terminal is a “commercial” rather than “governmental” enterprise making the provisions of G.L.c. 84, §15 inapplicable to his claim. The plaintiff contends under both arguments that G.L.c. 84, §15 does not apply to his claim and Massport is therefore liable under common law negligence.
1. The plaintiff contends that the defendant’s Moran Terminal does not have the characteristics of a “public way” because “it has not become public in character by prescription or in the statutory manner.” In support of this position, the plaintiff submitted an affidavit from a civil engineer of the Public Improvement Commission within the Public Works Department of the City of Boston stating that the Moran Terminal “is not a public way within the City of Boston.” Counsel for the plaintiff also submitted his own affidavit stating that he was refused entry by Massport personnel at the entry gate to the Moran Terminal. The affidavit states that Massport personnel informed him that the Moran Terminal was “private property.” The plaintiff cites Fenn v. Town of Middleborough, 7 Mass App. Ct. 80 (1979), for the proposition that not every property or roadway owned by a municipality or similar governmental entity is a “public way” within the meaning of G.L.c. 84, §15.[4]
While we agree with this proposition in general, we find the plaintiffs reliance on these cases misplaced because they do not involve the application of Chapter 84, §15 to Massport, nor do they address the specific question posed by this appeal, viz.: whether only those portions of Massport properties determined to be “public ways” are subject to the limitations of G.L.c. 84, §15.
When the Legislature created Massport in 1956 it took special care to delineate the limitations of its liability for injuries Caused by defects in its ways by expressly incorporating certain provisions of Chapter 84. In pertinent part, G.L.c. 91 App. §1-23 states:
the Authority shall be liable to any persons sustaining bodily injury or damage in or on its property by reason of a defect or want of repair of ways in or on said projects to the same extent as though said ways were within the meaning of sections fifteen, eighteen, and nineteen of chapter eighty-four of the General Laws.... (emphasis added)
The Legislature defined the term “project” in the Massport statute as:
... the airport properties, the port properties, or any additional facility, including the trade and transportation center ... together with all property, rights, easements and interests pertaining thereto or acquired for the construction or the operation thereof. G.L.c. 91 App., §1-1 (j). (emphasis added).
The Legislature defined the term “port properties” as:
All lands, piers and other structures and facilities... acquired or leased *260 by the commonwealth in the port of Boston and in charge of the port of Boston commission. G.L.c. 91 App., §1-1 (i).
It appears clear from the above-quoted definitions that the Moran Terminal is a “port properly” as that term is defined by the Legislature.
We are of the opinion that where the Legislature has chosen to define Mass-port’s liability for defects found on its properties “to the same extent as though said ways were within the meaning of [Chapter 84]” the clear and unambiguous meaning of this language is to impose the provision of Chapter 84 on all properties owned or controlled by Massport. The words “as though” in the context of Section 1-23 evidences an awareness on the part of the Legislature that Massport’s properties might not be subject to Chapter 84 in every aspect, but for reasons of public policy were to be treated as such. ‘The words of a statute are the main source for the ascertainment of legislative purpose. They are to be construed according to their natural import in common and approved usage.” Commonwealth v. Welosky, 276 Mass. 398 (1931).
2. The plaintiffs argument that Chapter 84 has no application to his claim because the Moran Terminal is a “commercial” rather than “governmental” enterprise is similarly unavailing. Plaintiff cites Sloper v. City of Quincy, 301 Mass. 20 (1938), for the proposition that a governmental entity is liable under the common law “in constructing or maintaining a project which is commercial in nature and undertaken for profit.” Again, we note that Sloper and other cases cited by the plaintiff are unpersuasive because they do not address the question of whether the limitations of Chapter 84 should apply to Massport properties.
The enabling legislation which created Massport defined it as “a body politic” and a “public instrumentality” empowered to perform “an essential government function.” G.L.c. 91 App. §1-9; see Opinion of the Justices, 365 Mass. 665 (1974). The Legislature characterized Massport as a public instrumentality at the same time it limited its liability for defects. When it created Massport, the Legislature authorized the authority to issue revenue bonds and enacted an elaborate statutory scheme to provide financing for the construction, enlargement and improvements of the airport and port properties. See G.L.c. 91 App. §1-8. Accordingly, Massport “commercial ventures” are conducted pursuant to legislative mandate rather than for corporate profit. Surely the Legislature was aware of the commercial aspects of Massport’s activities when it imported the provisions of Chapter 84, §15 into the enabling legislation. To accept the plaintiffs contention and conclude that the courts must engage in a case-by-case determination of whether one Mass-port property is “commercial” and another is “public” would essentially emasculate the Legislature’s clear intent to import the limitation of liability of Chapter 84, §15 to Massport properties. This is especially so given the pervasive commercial character inherent in the operation of airports and seaports.
For the foregoing reasons, we agree with the trial judge that the plaintiffs claim was “exclusively cognizable” under G.L.c. 84, §15. The plaintiffs appeal is therefore dismissed.

 In its statement of undisputed facts included in its motion for summary judgment, Massport stated that the plaintiffs letter of notice was received on February 29,1994. At oral argument on this appeal, plaintiffs counsel stated that the notice was sent on February 14, 1994, and received within the thirty day period prescribed by G.L.c. 84, §18. Despite this assertion, the record on appeal reveals that the plaintiff did not oppose the motion for summary judgment on the basis that there was a genuine dispute as to the date notice was received. Although we note that February 28th was the last day of the month of February, 1994, we leave undisturbed the judge’s finding that the letter on notice was not received by Mass-port within the thirty day period prescribed by G.L.c. 84, §18.

 Although the complaint was not included in the record appendix, the defendant states that the plaintiff asserted a claim under the Massachusetts Tort Claims Act, G.L.c. 258. Massport states that it is statutorily exempt from public employer status which is a prerequisite to any action brought under Chapter 258.

 At oral argument on this appeal, plaintiffs counsel argued that the savings clause found in G.L.c. 84, §18, should be applied in his favor because he alleged snow and ice conditions at the site of his fall. In pertinent part, §18 states: “Failure to give such notice for such injury or damage sustained by reason of snow or ice shall not be a defense under this section unless the defendant proves that he was prejudiced thereby.” We deem this issue waived as it was not raised before the trial judge. See Massachusetts Broken Stone Co. v. Town of Weston, 45 Mass. App. Ct. 748 (1998).

 Plaintiff also cites Doherty v. Belmont, 396 Mass. 271 (1985) (town parking lot not a “public way” within the meaning of G.L.c. 84, §15), and Dakin v. City of Somerville, 262 Mass. 514 (1928) (park road not a public way within G.L.c. 84, §15).