## COMMONWEALTH *vs.* FRANCIS BIAGIOTTI.

Suffolk. April 7, 2008. - June 11, 2008.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Massachusetts Port Authority. Statute,* Construction. *Fraud. Larceny. Words,* "Corporation."

This court concluded that the Commonwealth could prosecute a defendant under G. L. c. 266, § 67, the statute penalizing the making of false entries in corporate books, for his falsification of Massachusetts Port Authority (Massport) records, where the plain and ordinary meaning of the word "corporation" in the statute was not limited to private corporations, but included a public or quasi public corporation such as Massport, particularly where such a sensible interpretation would protect all types of corporations vulnerable to victimization, and where material differences existed between municipal corporations and entities such as Massport. [601-607]

INDICTMENTS found and returned in the Superior Court Department on August 9, 2006.

A motion to dismiss was heard by *Carol S. Ball*, J., and a question of law was reported by her to the Appeals Court.

The Supreme Judicial Court granted an application for direct appellate review.

*James J. Arguin*, Assistant Attorney General, for the Commonwealth.

*Carol A. Starkey* (*Andrew R. Dennington* with her) for the defendant.

GREANEY, J. A grand jury returned three indictments against the defendant, an employee of the Massachusetts Port Authority (Massport), charging him with making false entries in corporate books, in violation of G. L. c. 266, § 67 (§ 67)[1]; fraud in

---

[1]General Laws c. 266, § 67 (§ 67), provides:

"An officer of a corporation or an agent, clerk or servant of a person, firm or corporation who makes a false entry or omits to make a true entry in any book of such person, firm or corporation, with intent to defraud, and any person whose duty it is to make a record or entry of the transfer of stock, or of the issuing or cancelling of certificates thereof, or of the amount of stock

procurement, in violation of G. L. c. 266, § 67A; and conspiracy to commit larceny over $250, in violation of G. L. c. 266, § 30. A Superior Court judge, in part, allowed the defendant's motion to dismiss, concluding that Massport, the entity in whose books the defendant is alleged to have made a false entry, does not constitute a "corporation" within the meaning of § 67.[2] Pursuant to Mass. R. Crim. P. 34, as amended, 442 Mass. 1501 (2004), the judge reported the correctness of her order and the following question: "May the Commonwealth prosecute a defendant under G. L. c. 266, § 67, for his falsification of Massport records?"[3] We granted the Commonwealth's application for direct appellate review. We answer the question in the affirmative and vacate the judge's order insofar as it allowed the defendant's motion to dismiss the indictment charging him with violating § 67.[4]

The Commonwealth alleges the following facts.[5] The defendant is a long-time employee of Massport. At the time of his indictment, he was the assistant terminal manager at the Conley Container Terminal in the South Boston section of Boston. In that position, the defendant was responsible for preparing the weekly payroll records of the longshoreworkers who worked at the terminal. These records were then forwarded to Columbia Coastal, LLC, the company that directly paid the longshoreworkers.

issued by a corporation, in any book thereof, who, with intent to defraud, omits to make a true record or entry thereof, shall be punished by imprisonment in the [S]tate prison for not more than ten years or in the house of correction for not more than one year."

[2]The judge denied the defendant's motion to dismiss the indictments charging violations of G. L. c. 266, § 67A, and G. L. c. 266, § 30. Neither of these charges is before us in this appeal.

[3]The judge noted that the defendant is one of twenty individuals who have been indicted in connection with an investigation of labor practices, and that sixteen of the twenty individuals have been indicted for violations of § 67. After reporting the defendant's case, the judge entered an order staying proceedings in his case and in all the other cases.

[4]We consider only the judge's report. We do not take up the defendant's conclusory argument (with no record support) that the indictment charging him with a violation of § 67 must be dismissed pursuant to *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982), because the grand jury heard no evidence regarding Massport's corporate status.

[5]The defendant, of course, does not admit any of the facts. The Commonwealth will have to prove its allegations if the case proceeds to trial.

The longshoreworkers were union members and were not employees of Massport or employees of the Commonwealth. Under their collective bargaining agreement, the longshoreworkers received benefits based on the number of hours worked during the previous year. A greater number of hours worked, up to a maximum of 1,500 hours, would result in more comprehensive benefits.

The defendant, as a Massport employee, altered a longshoreworker's payroll record so that it would be considered as the payroll record of the longshoreworker's son. Specifically, the defendant altered the payroll record by changing the last four digits of the longshoreworker's Social Security number to reflect the Social Security number of his son, who also was a longshoreworker. The alteration allowed the son to receive a higher level of benefits than he was entitled to receive based on the actual hours the son had worked.

In allowing the defendant's motion to dismiss the indictment charging a violation of § 67, the judge decided that the reference in § 67 to the term "corporation" was ambiguous because it did not specify whether it applied only to private corporations or to all entities defined as corporations. The judge concluded, based on the perceived ambiguity, that the rule of lenity required her to construe § 67 in the defendant's favor, making the term applicable only to private corporations. The indictment charging the defendant with a violation of § 67 was then dismissed.

1. In a prosecution under § 67, the Commonwealth must prove that the defendant made, with intent to defraud, a false entry in the books of a "corporation." The statute does not define the term "corporation." Massport is a "body politic and corporate." See St. 1956, c. 465, § 2 (establishing "a body politic and corporate to be known as the Massachusetts Port Authority"). We conclude that the term "corporation" in § 67 encompasses the entity Massport.

We reach this conclusion for the following reasons. "Where the language of a statute is plain, it must be interpreted in accordance with the usual and natural meaning of the words." *Commonwealth* v. *Rahim*, 441 Mass. 273, 274 (2004), quoting *Gurley* v. *Commonwealth*, 363 Mass. 595, 598 (1973). "In particular, absent clear indication to the contrary, statutory language is

to be given its 'ordinary lexical meaning.' " *Commonwealth* v. *Rahim, supra* at 275, quoting *Surrey* v. *Lumbermens Mut. Cas. Co.*, 384 Mass. 171, 176 (1981). We appropriately are not guided by a definition of the term "corporation" contained in a law dictionary cited by the defendant.

The plain and ordinary meaning of the term "corporation" refers to "[a] body that is granted a charter legally recognizing it as a separate legal entity having its own rights, privileges, and liabilities distinct from those of its members." American Heritage Dictionary 421 (3d ed. 1996) (primary definition). See Webster's Third New Int'l Dictionary 510 (1993) (primary definition of "corporation" is "a body of persons associated for some purpose"); Webster's II New Riverside University Dictionary 313 (1984) (primary definition of "corporation" is "[a] body of persons granted a charter legally recognizing it as a separate entity having its own rights, privileges, and liabilities distinct from those of its members"); American Heritage Dictionary 298 (1970) (defining "corporation" principally as "[a] body of persons granted a charter legally recognizing them as a separate entity having its own rights, privileges, and liabilities distinct from those of its members").

Common usage of the term is not restrictive and encompasses all types of corporations, without regard to the corporation's status as a private or public, profit or nonprofit, or business or charitable entity. See 1 W.M. Fletcher, Cyclopedia of Corporations § 49 (rev. ed. 2006) ("Corporations may be classified in different ways. They may be classified with respect to their purposes into nonprofit corporations, public or private corporations, professional corporations, municipal corporations, religious corporations, educational corporations, charitable, beneficial or eleemosynary corporations, business corporations, stock and nonstock corporations . . . and others. Corporations also may be . . . foreign or domestic corporations, publicly-held or privately-held corporations, or close corporations." [Footnotes omitted]). The defendant's contention that the term "corporation" is limited to private corporations[6] requires the addition of a qualification to the term that does not appear in § 67. It is

---

[6]The defendant does not argue that the term "corporation" in § 67 is limited to "for-profit" entities.

not our function to rewrite a statute. See *Bulger* v. *Contributory Retirement Appeal Bd.*, 447 Mass. 651, 661 (2006), quoting *Commissioner of Revenue* v. *Cargill, Inc.*, 429 Mass. 79, 82 (1999) ("Where, as here, the language of the statute is clear, it is the function of the judiciary to apply it, not amend it").

A reading of § 67 as a whole, see note 1, *supra*, supports our construction. See *Selectmen of Topsfield* v. *State Racing Comm'n*, 324 Mass. 309, 312-313 (1949) (explaining rule of statutory construction that one clause in statute is "to be construed with reference to every other clause . . . without giving undue emphasis to any one group of words, so that, if reasonably possible, all parts shall be construed as consistent with each other so as to form a harmonious enactment"). Section 67 first prohibits the fraudulent entry or omission in "any book of [a] person, firm or corporation." The statute goes on to prohibit "any person whose duty it is to make a record or entry of the transfer of stock, or of the issuing or cancelling of certificates thereof, or of the amount of stock issued by a corporation" from fraudulently "omit[ting] to make a true record or entry thereof" in the corporation's books. This second clause makes criminal a discrete type of conduct committed by a specific category of persons against stock corporations.

The reference to stock corporations in the second clause of § 67 could not have been intended to restrict application of the first clause to apply only to stock corporations. This interpretation would distort the plain meaning of the statute as a whole by placing undue emphasis on the second clause in derogation of the first clause and would tend to nullify the terms "person" and "firm" in the first clause because persons and firms, who keep books, do not issue stock. See *Commonwealth* v. *Boston Edison Co.*, 444 Mass. 324, 339 (2005). Further, such a narrow interpretation essentially would render superfluous the reference to "corporation" in the first clause because many different types of corporations, such as nonprofit and charitable corporations, do not issue stock to their members. See *Commonwealth* v. *Dodge*, 428 Mass. 860, 865 (1999).

The defendant does not argue otherwise, but takes the reference to "stock issued by a corporation" in the second clause as

an indication that § 67 has used the word "corporation" throughout to refer only to private corporations. His contention is that, because only private corporations issue stock, consistency requires that every other reference to the word "corporation" in § 67 be read to refer only to private corporations. The defendant's argument is not persuasive. As just discussed, it is evident that the word "corporation" in the first clause of § 67 is not properly read as restricted to private stock corporations. Because the word "corporation" was intended to have different meanings in these different clauses, there is nothing about the words of § 67 read as a whole or its structure that persuasively or logically leads to the conclusion that "corporation" as used in the first clause could only be intended to signify a private corporation. Cf. *Commonwealth* v. *Hilaire*, 437 Mass. 809, 815-816 (2002) (statute read as whole, and in its clear meaning, used word "court" to refer to "judge"; use of "court" in portion of statute at issue therefore should be read to mean "judge," and not other court personnel).

Our conclusion gives the statute a sensible meaning by, in the first clause, protecting all types of corporations, as well as those dealing with corporations, from corporate insiders who make fraudulent entries on corporate books. See *Commonwealth* v. *Dodge, supra.* Experience demonstrates that public, charitable, and nonstock corporations are no less in danger of being victims of crimes under § 67 than private corporations.

The defendant points out that Massport did not come into existence until one hundred years after § 67 was enacted, and nowhere in Massport's enabling statute, St. 1956, c. 465, does the word "corporation" appear. Rather, as has been mentioned, Massport is referred to as a "body politic and corporate," a term generally used to describe municipal corporations, and, the defendant's argument continues, this court has usually construed the word "corporation" in statutes as not including municipalities. See *Attorney Gen.* v. *Woburn*, 322 Mass. 634, 637 (1948); *Donohue* v. *Newburyport*, 211 Mass. 561, 568 (1912). The argument fails.

The Legislature enacted § 67 in 1856. St. 1856, c. 123, § 3. In various editions of a contemporary Nineteenth Century dictionary, the term "corporation" was primarily defined as "[a]

body politic or corporate, formed and authorized by law to act as a single person . . . ." N. Webster, An American Dictionary of the English Language 231 (1847). See also N. Webster, An American Dictionary of the English Language 296 (1871) (defining "corporation" as "[a] body politic or corporate, formed and authorized by law to act as a single person, and endowed by law with the capacity of perpetual succession . . ."); N. Webster, An American Dictionary of the English Language 296 (1867) (same). As has been stated, the defendant does not dispute that Massport is a "body politic and corporate." See St. 1956, c. 465, § 2. See also *Opinion of the Justices*, 334 Mass. 721, 734, 735 (1956) (in substance, Massport as proposed "has many important attributes of a corporation, and nothing other than a corporation would seem to satisfy the requirements of its being," but it is a public corporation). It is of no legal consequence that, in 1856, the Legislature could not have had Massport specifically in mind when enacting § 67, because Massport was not established until 1956. The meaning of the term "corporation" was not cast in stone as encompassing only those corporate entities, including bodies politic and corporate, in existence in 1856. See *Perry* v. *Commonwealth*, 438 Mass. 282, 285 (2002). Such an interpretation would border on the nonsensical and overlook the principle that statutes prospectively cover entities and events that fairly fall within the scope of their language.

There also is no merit to the defendant's contention that our construction would mean necessarily that § 67 applies to municipalities. That issue is not before us, but a few observations are helpful to the larger picture. While we have stated from time to time that Massport, as a body politic and corporate, is "analogous" to a municipal corporation, see *Opinion of the Justices*, 334 Mass. 713, 724, 735 (1953), material differences exist between entities such as Massport and municipal corporations. See *Kargman* v. *Boston Water & Sewer Comm'n*, 18 Mass. App. Ct. 51, 56-57 (1984).[7] Entities such as Massport are " 'hybrid[s],' possessing attributes of both *private corpora-*

---

[7] In *Kargman* v. *Boston Water & Sewer Comm'n*, 18 Mass. App. Ct. 51, 59 (1984), the Appeals Court concluded that the Boston water and sewer commission is an "independent body politic and corporate" excluded (as Massport is) from the definition of public employer under G. L. c. 258, § 1. Thereafter, the Legislature amended G. L. c. 258, § 1, to include local water and sewer

*tions* and governmental entities," requiring courts to resolve "on a case by case basis whether a particular body politic and corporate should be treated as 'more public than private' " (emphasis supplied). *Id.* at 55, quoting *Department of Community Affairs* v. *Massachusetts State College Bldg. Auth.*, 378 Mass. 418, 425 (1979). Municipal corporations lack hybrid characteristics.

The defendant further argues that the Legislature has manifested its understanding that § 67 does not apply to a public corporation such as Massport by enacting G. L. c. 266, § 67A, a statute that specifically punishes the making of false or fraudulent statements and writings by anyone engaged in the procurement of services, supplies, and construction "within the jurisdiction of" a public agency or "public instrumentality of the Commonwealth."[8] In the defendant's view, §§ 67 and 67A substantially overlap in the acts they prohibit, and the Legislature would not have enacted § 67A if it understood § 67 to apply to public instrumentalities such as Massport. Contrary to the defendant's contention, however, fraud in the procurement of supplies and services connected with public agencies represents a very different wrong from the making of false entries in a

commissions in the definition of public employer. St. 1992, c. 343, § 5. The Legislature left the specific exclusion of Massport in place.

[8]General Laws c. 266, § 67A, inserted by St. 1980, c. 531, § 2, provides in pertinent part:

"Whoever, in any matter, relative to procurement of supplies, services or construction . . . within the jurisdiction of any department, agency or public instrumentality of the commonwealth, or of any political subdivision thereof, intentionally:

"(1) makes a material statement that is false;

"(2) omits or conceals a material fact in a written statement;

"(3) submits or invites reliance on a material writing or recording that is false, forged, altered, or otherwise lacking in authenticity;

"(4) submits or invites reliance on a sample, specimen, map, photograph, boundary-mark, or other object that is misleading in a material respect; or

"(5) uses any trick, scheme, or device that is misleading in a material respect;

"shall be punished . . . ."

corporate entity's books or records; the statutes do not target the same misconduct.

The defendant's remaining arguments lack merit and need not be specifically addressed. We conclude that the term "corporation" as used in § 67 includes a public or quasi public corporation such as Massport, and because § 67 is sufficiently unambiguous, the rule of lenity has no application. See *Commonwealth* v. *Roucoulet*, 413 Mass. 647, 652-653 (1992).

2. The reported question is answered in the affirmative. That part of the judge's order dismissing the indictment against the defendant alleging a violation of § 67 is vacated. A new order, denying the defendant's motion to dismiss the indictment alleging a violation of § 67, shall enter consistent with this opinion.

*So ordered.*