Brennan, P.J.
Plaintiff Teresa D. Geofredo (“Geofredo”) has appealed the denial of her postjudgment motion to amend her complaint by substituting the city of Worcester as the defendant. There was no abuse of judicial discretion in the denial of that motion.
Geofredo alleges that on February 1,2006, she exited the Bank of America at 100 Front Street in Worcester, Massachusetts, proceeded along “an adjacent walking area,” tripped over “bricks that protruded from the sidewalk area,” fell, and was injured. Although she claimed that it was a sidewalk defect that caused her fall, Geofredo commenced this tort action on December 16, 2008 against Starwood Capital Group, LLC (“Starwood”) and Worcester Renaissance Towers (“Renaissance Towers”), alleging that those companies owned, controlled, and negligently maintained the area in which she fell. Geofredo did move once, successfully, to amend her complaint prior to judgment, but only to correct the names and addresses of the existing defendants, Starwood and Renaissance Towers.
On June 24, 2010, Geofredo stipulated to the dismissal of her complaint against Starwood, apparently on the basis that she had only then determined, four years and four months after her accident, that Starwood did not own or control the sidewalk area in question. Less than three months later, remaining defendant Renaissance Towers filed a Mass. R. Civ. E, Rule 56, motion for summary judgment, supported by the report of a professional land surveyor that the sidewalk area specifically iden *222 tified by Geofredo as the location other fall was owned and controlled by the city of Worcester (“City”),[2] Renaissance Towers’ Rule 56 motion was allowed on September 14, 2010, and the trial court thereafter entered summary judgment in favor of both Renaissance Towers and the previously dismissed defendant, Starwood.
On September 28, 2010, Geofredo filed the postjudgment motion at issue on this appeal to amend the complaint to substitute the City as the defendant The motion asserted, somewhat disingenuously, that Geofredo had just discovered “through depositions” that the City owned the sidewalk on which she had fallen in 2006. The motion was denied, after hearing, and this appeal followed.
1. Rule 15(a) of the Mass. R. Civ. R provides that leave to amend a pleading “shall be freely given when justice so requires.” However, there must be an existing pleading to amend before a Rule 15(a) motion can be allowed. In this case, the trial court properly denied Geofredo’s Rule 15(a) motion to amend because it was filed after the entry of summary judgment. The general rule is that after final judgment, a timely motion to alter, set aside, or vacate the judgment pursuant to Rules 59(e) or 60(b) must first be filed before a Rule 15(a) amendment of a pleading can be considered. Chokel v. Genzyme Corp., 449 Mass. 272, 279 (2007); Carroll v. DeMoulas Super Mkts., Inc., 1987 Mass. App. Div. 163, 164 n.2. The practical reason is that until judgment is vacated, “there is nothing left to amend, i.e., no case or controversy pending before the court.” Bengar v. Clark Equip. Co., 24 Mass. App. Ct. 41, 44 (1987), S.C., 401 Mass. 554 (1988). But the requirement also derives from a proper judicial regard for the finality of judgments. Id. at 44. As Geofredo failed to file a Rule 59(e) or Rule 60(b) motion, her postjudgment motion to amend the complaint was properly denied.
Geofredo’s reliance on Bengar for a contrary result is wholly misplaced. In Bengar, the Appeals Court ruled that in “the particular circumstances” of that case, id. at 45, it would consider the substance of the plaintiff’s Rule 15(a) motion as one “questioning the correctness of the judgment” and, thus, as the functional equivalent of a Rule 59(e) motion. Id. The Court did so, however, because the plaintiff had filed, simultaneously with its Rule 15(a) motion to amend and within ten days of judgment, a timely Rule 59(a) motion for a new trial. Id. Not every Rule 15(a) motion can be so construed. In this case, Geofredo did not, as noted, file the required Rule 59 or Rule 60(b) motion to vacate judgment, either before or simultaneously with her Rule 15(a) motion to amend, and nothing in her Rule 15(a) motion can be remotely interpreted as a request to vacate or set aside the summary judgment that terminated this action.
The disposition of a Rule 15 (a) motion remains within the discretion of the motion judge. Srebnick v. Lo-Law Transit Mgt., Inc., 29 Mass. App. Ct. 45, 50 (1990); Mechanical Serv. Eng’r, Inc. v. Fineberg Mgt., Inc., 1999 Mass. App. Div. 109, 112, and the moving party bears the burden on appeal of demonstrating that the denial of its motion to amend constituted an abuse of discretion. Mancuso v. Kinchla, 60 Mass. App. Ct. 558, 572 (2004). In this case, Geofredo’s sole legal argument is that the trial *223 court’s denial of her postjudgment motion to substitute the City as a defendant was at odds with the liberal amendment policy in this Commonwealth. That policy alone does not, however, “prevent the court from refusing leave to amend when circumstances indicate,” Ramirez v. Graham, 64 Mass. App. Ct. 573, 579-580 (2005), and the mere denial of a Rule 15(a) motion does not establish an abuse of discretion. Whitney v. Kinney Sys. of Eliot St., Inc., 1989 Mass. App. Div. 213. Given Geofredo’s failure to file a motion to vacate judgment, there was no abuse of discretion in the trial court’s denial of her motion to amend a complaint that had been disposed of by summary judgment.
2. Geofredo’s argument that the denial of her Rule 15(a) motion elevated form over substance ignores the fact that such denial was equally warranted on more substantive grounds.
It is true, as Geofredo argues, that Rule 15(a) practice in Massachusetts is decidedly “more liberal than other jurisdictions in allowing amendments adding or subtracting defendants after expiration of a period of limitations.” Herrick v. Essex Regional Retirement Bd., 68 Mass. App. Ct. 187, 191 (2007), quoting National Lumber Co. v. LeFrancois Constr. Corp., 430 Mass. 663, 671 (2000), S.C., 440 Mass. 723 (2004). The general rule is that a Rule 15(a) motion to amend “shall be granted unless there are good reasons for denying the motion.” Manfrates v. Lawrence Plaza Ltd. Partnership, 41 Mass. App. Ct. 409, 413 (1996), quoting Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264 (1991). But the “right to amend a complaint is not automatic,” Hart v. Frost, 1993 Mass. App. Div. 185, quoting Terrio v. McDonough, 16 Mass. App. Ct. 163, 167 (1983); and the refusal to permit an amendment will be affirmed on appeal when the judge’s findings, or the record itself, indicates that the ruling was justified on the basis of “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party [, or the] futility of...” amendment. Vakil v. Vakil, 450 Mass. 411, 417 (2008), quoting Castellucci v. United States Fid. & Guar. Co., 372 Mass. 288, 290 (1977). A review of Geofredo’s proposed amended complaint attached to her Rule 15(a) motion reveals the futility of the amendment she requested, or of any amendment to add the City as a defendant.
Geofredo alleges in that proposed complaint that she has a cause of action against the City pursuant to G.L.c. 258, the Massachusetts Tort Claims Act, and that she served a G.L.c. 258, §4 letter of presentment of her claim on the City’s solicitor on September 17, 2010, four years and seven months after her accident. Even if G.L.c. 258 provided a legal remedy in this case, which it does not, Geofredo’s claim would be barred as a matter of law by her failure to serve a letter of presentment within the two-year period mandated by G.L.c. 258, §4. Johnson v. Trustees of Health & Hosps. of Boston, 23 Mass. App. Ct. 933, 934, 935-936 (1986). See also Bellanti v. Boston Pub. Health Comm’n, 70 Mass. App. Ct 401, 409 (2007); Krasnow v. Allen, 29 Mass. App. Ct. 562, 566-567 (1990). The “relation back” provisions of Rule 15 (c)[3] and G.L.c. 231, *224 §51[4] would not cure Geofredo’s failure to satisfy the presentment requirement even if her Rule 15(a) motion were allowed. First, Geofredo’s amended complaint against the City would relate back only to the December 15, 2008 filing date of her original complaint, a date well after the February 1, 2008 expiration of the prescribed presentment period. Second, “relation back” principles are primarily intended to cure statute of limitations problems with amended complaints, Casco v. Warley Elec. Co., 37 Mass. App. Ct. 701, 703-704 (1994), and “have no application to the presentment requirement” of G.L.c. 258, §4. Weaver v. Commonwealth, 387 Mass. 43, 48 (1982).
Even apart from the irremediable presentment defect, Geofredo’s proposed amended complaint simply fails on its face to state an actionable claim under G.L.c. 258. The reason is that, as a matter of law, the sole and exclusive remedy against a municipality for injuries sustained as a result of a defect or want of repair in a sidewalk or other public way is a claim pursuant to G.L.c. 84, §15. Ram v. Town of Charlton, 409 Mass. 481, 486 (1991); Commesso v. Hingham Hous. Auth., 399 Mass. 805, 809 n.6 (1987); Trioli v. Town of Sudbury, 15 Mass. App. Ct. 394, 396 (1983). See also Marcus v. City of Newton, 2000 Mass. App. Div. 27 (sidewalk defects).
The right of action against a [city] to recover damages for personal injury to a traveller on account of a defect in a public way is created and limited by [c. 84].... [A]nd there can be no recovery outside of the statute for the additional reason that, at common law, no action will lie against a [city] to recover damages sustained by a traveller on account of a failure to keep the public way reasonably safe.
DiNitto v. Town of Pepperell, 77 Mass. App. Ct. 247, 249 (2010), quoting Whalen v. Worcester Elec. Light Co., 307 Mass. 169, 174, 175 (1940). And, once again, there is nothing in the record to suggest Geofredo complied with statutory requirements so as to have preserved a viable G.L.c. 84, §15 claim even if she were to seek a second amendment to substitute a G.L.c. 84 claim for the G.L.c. 258 claim set forth in her proposed amended complaint.
Prerequisite to a §15 action is the written notice of injury to the municipality within thirty days that is mandated by §18. This thirty-day notice requirement is strictly enforced. “As proper statutory notice is both ‘indispensable to the existence of a cause of action,’ Paddock v. Brookline, 347 Mass. 230, 231-232 (1964), and a condition precedent to the initiation of suit, the failure to give such notice entitles the defendant-municipality to a judgment in its favor as a matter of law.” Pittore v. City of Boston, 1987 Mass. App. Div. 12, 13. See also Wolf v. Boston Water & Sewer Comm’n, 408 Mass. 490, 492 (1990); Denitto, supra at 252; Baird v. Massachusetts Bay Transp. Auth., 32 Mass. App. Ct. 495, 499 (1992); Farrell v. Boston Water & Sewer Comm’n, *225 24 Mass. App. Ct. 583, 591 (1987). The only reasonable inference to be drawn from the record is that Geofredo failed to give the thirty-day notice to the City that was a prerequisite to any G.L.c. 84, §15 action by her. She admits that she did not “discover” that the City owned and controlled the sidewalk at issue until September, 2010. Her proposed amended complaint indicates that the first notice of her injuries given to the City was her untimely G.L.c. 258 letter of presentment on September 17,2010, more than four years after the expiration of the notice period prescribed by G.L.c. 85, §18.
And the notice defect could not be cured by the “relation back” effect of any amendment of her complaint. The date of her original complaint was December 15, 2008; the §18 notice period expired in 2006. Moreover, “relation back” principles do not apply when the effect “would compromise one of the objectives of a statutory scheme.” Golden v. General Builders Supply LLC, 441 Mass. 652, 660-661 (2004). The thirty-day notice to a municipaliiy is an essential component of the G.L.c. 84 “elaborate and comprehensive statutory system” governing public way defects. DiNitto, supra at 249. Other than to lift a statute of limitations bar, “courts have been less willing to apply [the relation back doctrine], particularly if to do so deprives the party against whom the amendment is made of a substantial right.” Aker v. Pearson, 7 Mass. App. Ct. 552, 554 (1979). In this case, the City had a statutory right to a timely §18 notice of Geofredo’s alleged injuries, and to the seasonable opportunity to investigate, settle, or defend against that claim that the notice is designed to afford. Thus, Geofredo’s Rule 15(a) motion to amend would have been properly denied on the ground of futility, i.e., that her “complaint, as amended, would fail to state a claim upon which relief could be granted.” Glassman v. Computervision Corp., 90 F.3d 617, 630 (1st Cir. 1996). See Mathis, supra at 265; Leventhal v. Dockser, 361 Mass. 894 (1972); Ramirez, supra at 580.
The denial of the plaintiff’s posljudgment motion to amend her complaint to substitute the city of Worcester as a defendant is affirmed.
So ordered.

 It is unclear from Geofredo’s inadequate and disorganized appendix on this Dist/Mun. Cts. R. A. D. A, Rule 8C, appeal if Geofredo filed any opposition to Renaissance Towers’ summary judgment motion.

 Rule 15(c) states: “Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a parly) relates back to the original pleading.”

 Section 51 states, in relevant part: “In all civil proceedings, the court may at any time, allow amendments adding a party... in any... pleading... which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought.... Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading.”