Williams, P.J.
The plaintiff, Gina Rossano (“Rossano”), was injured when she slipped and fell on a sidewalk at a facility owned by the defendant, Massachusetts Port Authority (“Massport’). Massport successfully moved to dismiss Rossano’s complaint against it on the ground that she had failed to provide to Massport the required statutory notice within thirty days of the incident. Rossano appealed that dismissal. We find no error and affirm.
On May 3, 2008, Rossano allegedly slipped on wet paint on a sidewalk on a handicapped ramp in front of Massporfs Black Falcon Cruise Terminal in South Boston. The Enabling Act that created Massport provided that it “shall be liable to any persons sustaining bodily injury... on its property by reason of a defect... of ways... to the same extent as though said ways were ways within the meaning of sections [15, 18, and 19 of G.L.c. 84].” St. 1956, c. 465, §23.[1] It further provided that “[a]ny notice of such injury... shall be given to any member of the Authority or to the secretary-treasurer of the Authority.” Id. The seven members of the Authority are gubernatorial appointees. Id. at §2. Sections 15, 18 and 19 of G.L.c. 84 govern the liability of municipalities for “defects” in public ways. Morrissey v. New England Deaconess Ass’n - Abundant Life Communities, Inc., 458 Mass. 580, 590 n.17 (2010). Section 15 provides that a person injured “by reason of a defect’ on a way must provide to the entity “obliged to keep said way in repair” notice, within thirty days, of that person’s name and address, and the time, place, and cause of the injury. Failure to provide proper notice to Massport in such cases is fatal to a plaintiff’s claim. Kehoe v. Massachusetts Port Auth., 2000 Mass. App. Div. 257, 258.
On June 18, 2008, Massporfs legal department received from Rossano’s counsel a letter, dated June 16, 2008, which purported to be statutory notice of Rossano’s injury. That letter was addressed to “Massport, Manager, Port Claims” and received at “Massport Legal Dept.” It advised that Rossano had been injured at about 9:00 AM on May 3, 2008 as a result of Massporfs negligence, i.e., slippery, fresh paint on a ramp not indicated by adequate caution signs. Rossano’s complaint in this action, filed in May, 2011, alleged more specifically that Massport had neglected “to seal off’ or “place cones or tapes” around the painted area so as to warn people of the wet *70 paint. There is little dispute that this letter came almost two weeks too late to satisfy the notice statute, and was not sent to a statutorily designated recipient. Based on those deficiencies, Massport moved to dismiss the complaint (Mass. R. Civ. R, Rule 12(b)(6)) or, alternatively, for summary judgment (Mass. R. Civ. R, Rule 56). That motion to dismiss was allowed, and Rossano appealed. We review that allowance de novo, accepting as true the allegations in Rossano’s complaint and drawing every reasonable inference in her favor. Sisson v. Lhowe, 460 Mass. 705, 707 (2011) and cases cited.
In so doing, we note initially that Rossano did not allege in her complaint that she had timely presented her proposed action to Massport or, even more generally, that she had performed all conditions precedent to filing suit. Mass. R. Civ. R, Rule 9(c); Geofredo v. Starwood Capital Group, LLC, 2011 Mass. App. Div. 221, 223 and cases cited. “As proper statutory notice is both ‘indispensable to the existence of a cause of action,’ Paddock v. Brookline, 347 Mass. 230, 231-232 (1964), and a condition precedent to the initiation of suit, the failure to give such notice entitles the defendant-municipality to a judgment in its favor as a matter of law.” Geofredo, supra at 224, quoting Pittore v. City of Boston, 1987 Mass. App. Div. 12, 13. See also Farrell v. Boston Water & Sewer Comm’n, 24 Mass. App. Ct. 583, 590 (1987); United States Trust Co. v. Carreiro, 2000 Mass. App. Div. 159, 160 (when plaintiff does not comply with statutory prerequisite, proof of noncompliance renders complaint subject to dismissal under Mass. R. Civ. R. Rule 12(b)(6), for failure to state claim upon which relief can be granted). Rossano’s complaint, therefore, was vulnerable to dismissal for failure to allege the required notice. We would affirm the dismissal on that basis. Because the parties did not argue this issue, we go on to address the issues raised on this appeal.
Apparently recognizing the critical problems with her notice letter, Rossano argues that her fall was not caused by a defect per se, i.e., the wet paint, but by Massport’s failure to warn of that condition. Because her action does not allege a defect in a way, she submits, the statutory scheme of G.L.c. 84 does not apply, and she should be permitted to proceed against Massport under a common law negligence theory, which does not trigger the statutory notice provisions.
Such sophistry will not relieve Rossano from the notice requirements of the statute. The “defective way” statutory scheme, which was imported into the Massport enabling statute, is “‘[a]n elaborate and comprehensive statutory system ... established fully and completely [to] dealt] with the subject matter. It was intended to be an exclusive remedy. The legislative intent cannot be thwarted by calling the defect a nuisance, by declining to give the required notice’... [or] by framing a roadway defect as a claim of negligent maintenance.” DiNitto v. Town of Pepperell, 77 Mass. App. Ct. 247, 249-250 (2010), quoting Whalen v. Worcester Electric Light Co., 307 Mass. 169, 175 (1940), and citing, inter alia, Lindahl v. Sullivan, 361 Mass. 863, 863-864 (1972). Similarly, that legislative intent cannot be avoided by characterizing the claim as one for failure to warn (unavoidably, about the “dangerous condition” or defect of slippery wet paint). Under G.L.c. 84, and therefore as to Massport, “a ‘defect’ has been broadly defined as being ‘anything in the state or condition of the way that renders it unsafe or inconvenient for ordinary travel’” (emphasis supplied). DiNitto, supra at 250, quoting Gallant v. City of Worcester, 383 Mass. 707, 711 (1981). Wet paint qualifies as being at least inconvenient and, indeed, as alleged here, unsafe *71 to a traveler. It was a defect, however temporary its existence, in the sidewalk.
Rossano offers on appeal two farther arguments as to why a notice letter was not required here.[2] Neither is sufficiently developed to merit extended analysis. First, Rossano suggests that the legislation that created Massport in 1956 violated art. 10 of the Declaration of Rights of the Massachusetts Constitution. By importing into that statute the demand letter requirement from the municipal liability statute, she urges, the Legislature afforded Massport “a restriction regarding legal actions not given to other corporations.” Rossano also submits that Massport was “a private corporation ... engaged in a commercial venture” solely because “[b]y painting the sidewalk it made the entrance to Massport more attractive to prospective customers.”[3]
Although the Supreme Judicial Court has not expressly passed on the constitutional legitimacy of the notice requirement enjoyed by Massport for some 56 years, it has frequently acknowledged, often in dicta, Massport’s special character. See, e.g., Commonwealth v. Biagiotti, 451 Mass. 599, 605-607 (2008) (noting that Massport is “a body politic and corporate... ‘analogous’ to a municipal corporation” among those ‘“hybrid [s], possessing attributes of both private corporations and governmental entities,’ requiring courts to resolve ‘on a case by case basis whether [they] should be treated as more public than private,”’ and that Massport is a “public or quasi public corporation” [citations omitted]); Town of Hull v. Massachusetts Port Auth., 441 Mass. 508, 518 (2004) (noting Massport created by statute to perform “essential governmental function” and powers conferred upon it “‘are to be construed liberally”’ [citation omitted]); Opinion of the Justices, 365 Mass. 665, 669 (1974) (noting Massport created by Legislature “as ‘a body politic and corporate’ and a ‘public instrumentality’ empowered to perform ‘an essential governmental function”’); Opinion of the Justices, 334 Mass. 721, 724 (1956) (same). Although possibly subject to treatment as a private corporation in some as-yet-undefined circumstances, Biagiotti, supra at 601, Massport is patently not simply some “corporation” the Legislature selected to favor with special treatment. We decline to embark upon constitutional analysis triggered by what amounts to an inchoate idea not even mentioned at oral argument.
As to Rossano’s suggestion that Massport was engaged in a commercial pursuit because, by painting a sidewalk on a handicapped ramp, it was seeking to attract cus *72 tomers into its facility, we do not consider that such a notion sufficiently ignites analysis of the kind hinted at in the Biagiotti dicta.[4] That exercise would necessitate us deciding whether to agree with Kehoe, supra. The Kehoe Court noted that:
Massport ‘commercial ventures’ are conducted pursuant to legislative mandate rather than for corporate profit. Surely the Legislature was aware of the commercial aspects of Massporfis activities when it imported the provisions of Chapter 84, §15 into the enabling legislation. To accept the plaintiffs contention and conclude that the courts must engage in a case-by-case determination of whether one Massport property is ‘commercial’ and another is ‘public’ would essentially emasculate the Legislature’s clear intent to import the limitation of liability of Chapter 84, §15 to Massport properties. This is especially so given the pervasive commercial character inherent in the operation of airports and seaports” (emphasis added).
Id. at 260. To the extent this issue was properly raised, we do not see the sole fact Rossano points to as pertaining to the issue — the painting itself — as a substantive basis to analyze the question.
Judgment affirmed.

 The full text of the Massport statute also appears at Mass. Gen. Laws Ann. c. 91 App., §§1-23 (West 1993).

 Whether these arguments were pressed on the motion judge is unknown. The agreed statement of the case provided in this Dist./Mun. Cts. R A D. A., Rule 8B, appeal notes that Rossano filed a memorandum in opposition to Massporfs disposi-tive motion “arguing that [Massport had] failed to warn the public and that G.L.c. 84 does not apply to that type of negligence.” But that memorandum is not part of the record before us.

 The record does not reveal any details regarding the painting of the handicapped ramp. Whether it was done simply to make the premises presentable or to render the handicapped ramp conspicuous is unknown. That it was done to lure customers who might otherwise have passed by seems a remote possibility at best, and there is no evidence to that effect. Further, Rossano did not argue that the place where she fell was not a “way.” See Polonsky v. Massachusetts Port Auth., 60 Mass. App. Ct. 922, 923 & n.4 (2004) (parking lot is not a “way,” but sidewalk is).

 Rossano’s reliance on Jakobsen v. Massachusetts Port Auth., 520 F.2d 810 (1st Cir. 1975) is unavailing. Jakobsen stands far from declaring that Massporfis maintenance of a terminal at Logan Airport in Boston, on a sidewalk where the plaintiff slipped on ice, was a commercial activity, thus making notice unnecessary. Indeed, Jakobsen noted that Massport had waived the notice defense because it did not raise it until the directed-verdict stage of trial. The discussion in Jakobsen of issues such as whether the subject sidewalk was a “way,” whether the slipperiness of the walk was a “defect,” and whether G.L.c. 84, §15, as applied to Massport, was an exclusive remedy, was intended only to signal “the magnitude, as well as the lack of clarity, of [Massporfis] eleventh hour claim”... [that presented] “an extremely difficult issue.” Id. at 814, 816. “[W]e do not rule on the merits of that defense but limit ourselves to its obvious untimeliness in this case.” Id. at 816. The First Circuit’s entire discussion of these points was dicta.